8876

ROGERS v. FELDER.

(82 S. E. 436.)

SALES. CLAIM AND DELIVERY. TITLE IN THIRD PARTY.

1. The delivery of property by one in satisfaction of a debt due by another is a valid sale, and not a promise to pay the debt of another, within the inhibition of the statute of frauds.

2. A defendant in claim and delivery from whom the plaintiff derived title, cannot show outstanding title in a third party, under a senior mortgage executed by her, to defeat the action.

Before FRANK B. GARY, J., Manning, February, 1914. Affirmed.

Action in claim and delivery by D. M. Rogers against Julia Ann Felder. From judgment for plaintiff, defendant appeals on the following exceptions:

I. The Circuit Judge erred as a matter of law in not delivering the property in dispute to C. M. Davis & Son by virtue of the affidavit of said C. M. Davis & Son.

II. The Circuit Judge erred as a matter of law in not holding that the chattel mortgage of C. M. Davis & Son, which was offered in evidence, defeated the claim of the plaintiff.

III. The Circuit Judge erred as a matter of law, that if the facts existed as alleged by plaintiff, the delivery of the property in dispute to the plaintiff was for the payment of a debt for another, and said contract not being in writing, was null and void as against the subsequent creditors, C. M. Davis & Son.

IV. The actual possession of the property in dispute being out of the plaintiff at the time the defendant mortgaged same to C. M. Davis & Son, who are *bona fide* subsequent creditors, the complaint of the plaintiff should have been dismissed and judgment rendered for defendant.

*Mr. J. J. Cantey,* for appellant, cites: (1) Code Civil Proc., secs. 86, 267; (2) Civil Code, sec. 3739; (3) 78 S. C. 295; (4) 25 Am. & Eng. Ann. Cases 21.

*Messrs. Purdy & O'Bryan,* for respondent, submit: *All the exceptions set up alleged rights of third parties not before the Court.*

July 15, 1914.

The opinion of the Court was delivered by Mr. Justice Gage.

Action in a magistrate's Court for the recovery of the possession of two cows. Judgment by magistrate for plaintiff. Affirmed by Circuit Court.

Appeal here upon four assignments of error.

The plaintiff's contention in the trial Court was: that defendant's father owed plaintiff a debt, and defendant delivered to plaintiff the cows in satisfaction thereof.

·If that be so, and the Court so found, then it was· not a *promise* by defendant to pay the debt of another; and the case does not fall within the inhibition of the statute of frauds. Thus the third exception is not well taken.

The other three exceptions relate to the force and effect of a mortgage on the cows which defendant had aforetime executed to C. M. Davis & Son. At most the execution of such a mortgage was but an assertion of title by Julia Ann.

There is no question but that she did have title, for the plaintiff's contention is she delivered the cows to him in satisfaction of a debt due to him by another.

C. M. Davis & Son did not assert title under their mortgage; they did not come in as parties to the cause; they did not pursue the remedy prescribed at section 86 of the Code of Civil Procedure, and they do not appeal from the judgment of the Circuit Court.

The judgment of the Circuit Court is affirmed.