## 10137

### FAIREY v. STRANGE *ET UX.*

#### (98 S. E. 135.)

1. SPECIFIC PERFORMANCE—POWER OF COURTS—CONTRACTS.—Courts can only require the performance of contracts the parties have made themselves, and cannot make contracts for them.

2. VENDOR AND PURCHASER — CONSTRUCTION—DESCRIPTION—NUMBER OF TRACTS.—A contract to convey a tract of land, giving the acreage and boundaries as a whole, also the names of two tracts composing it, was an agreement to convey one tract, and not two tracts.

3. VENDOR AND PURCHASER—BREACH—ANSWER—OFFER.—Allegation, in an answer in action for damages for breach of contract to convey land, alleging willingness to comply in part, *held* a statement in mitigation of damages, and not an offer to convey part of the land at a proportionate price which would authorize a judgment on the pleadings directing such a conveyance.

Before MEMMINGER, J., Fairfield, Fall term, 1918. Reversed.

Action by Thomas A. Fairey against C. E. Strange and wife.   From a judgment directing a conveyance of land, the defendants appeal.                    .

*Mr. W. D. Douglas,* for appellant, submits : *This is clearly an action for breach of contract, not for specific performance, and the only relief that could possibly be responsive to the allegations of the complaint, and within the scope of the action, if plaintiff is entitled to recover at all, would be a judgment for a certain amount as damages:* 39 Cyc., p. 1430;

4 Rich. Eq. 210; 107 S. C. 469; 91 S. C. 288. *Do the pleadings warrant the judgment for specific property?* 15 R. C. L., p. 579, sec. 13; 65 Am. St. Rep. 245; — Colo. App. 211; 73 S. C. 1004; 23 Fla. 64; 6 South 924; 26 Am. & E. Ency., p. 84; 16 L. R. 982. *Damages are only nominal, if the plaintiff knew of the defect in the title and unless the refusal to convey was wilful:* 71 S. E. 566; 100 Dec. 467; 16 L. R. A., 623. *His Honor erred in not proceeding with the trial, and in not submitting the issues to the jury under proper instructions as to the measure of damages:* 61 Ia., p. 269; 57 N. Y. 155; 80 Pa. St. 413; 32 Tex. Civ. App. 47; 56 Ia. 139; 7 Md. 26.

*Mr. Glenn W. Ragsdale,* also for appellants, submits: *On a contract for the sale of land, the seller has the right to bring action for specific performance, or, waiving that right, he may bring an action at law for damages for breach of the contract. But an election to pursue one of these remedies excludes the other:* 107 S. C. 465; 91 S. C. 288; 4 Richardson's Equity 210; 10 Ohio R. 142. *As to judgment on pleadings:* 23 Cyc. 769; Code of Procedure, sec. 303, subdiv. 14, and sec. 306. *The judgment was in effect an amendment granted at the trial, which changed the cause of action, and should not have been allowed:* Code of Procedure, sec. 224. *It was error to hear the motion for judgment on the pleadings, without notice previously served upon defendants:* 72 S. C. 571; sec. 303, sub. 14 of the Code; sec. 306, Code of Procedure; 23 Cyc. 769; Circuit Court Rule 57. *The Court will not order the sale of an infant's land, until it has been made to appear to the Court that such sale is for the benefit of the infant:* 3 Rich. Eq.; 22 S. C.; 86 S. C. *The purchaser having notice, at the time of the sale, of the defect in vendor's title is not entitled to maintain an action for specific performance as to the part of the property to which vendor has title:* 26 A. & E. E., p. 84; 36 Cyc., p. 742; 7 Dess. Eq. 160. *In order to maintain an action for specific perform-*

*ance, the plaintiff (when he is purchaser) must show that before the commencement of his action, he tendered the purchase price stipulated for in the agreement:* 84 S. C. 438; 79 S. C. 141; 36 Cyc. 703; 26 A. & E. E., p. 116. .

*Messrs. W. C. Wolfe, J. W. Hanahan* and *McDonald & McDonald,* for respondent, submit: *In case of a breach of contract for the sale of real estate, the injured party may sue for damages for such breach, or maintain an action for the specific performance. He cannot maintain both; nor can he sue upon one, and, losing, maintain the other. But he must not only elect as to the form of action, but must pursue such remedy to a conclusion—until "the case is heard upon the merits"—before he is barred:* 98 S. C. 402. *"An election to be conclusive, must be efficacious to some extent at least. The mere bringing of the suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election:"* 34 L. R. A. (N. S.) 311; 98 S. C. 402. *Where the pleadings raise no issue, the plaintiff is entitled to a judgment upon the pleadings:* 11 Encyc. Pl. & Pr. 839; 20 Cal. 628; 6 Colo. 485; 23 Cyc. 731; 23 Cyc. 769; 60 Pac. 782; 7 Pac. 753; 51 Cal. 526; 40 Cal. 439; 55 Pac. 291; 38 N. Y. App. Div. 531; 25 Fed. 133; Black on Judgments, sec. 15, subdiv. 6; 14 Standard Encyc. of Procedure 926; 126 Fed. 968; 148 Pac. 452; 15 Standard Encyc. Proc. 928; 149 Pac. 511; 14 Standard Encyc. Procedure 938. *A judgment upon the pleadings should be sustained where the facts appearing in the pleadings or admitted in open Court, leave no question of fact to be determined by the jury:* 24 Col. 505; 65 Am. St. Rep. 241; Pac. 680; 9 Colo. App. 211; 47 Pac. 841; 33 L. R. A. (N. S.) 1082; 59 S. C. 192-198. *A judgment is not necessarily limited to the prayer for relief in the complaint:* Code of Procedure, sec. 336; Pomeroy's Code Remedies, sec. 580; 18 S. C. 600; 47 S. C. 462-3; 83 S. C. 496; Pomeroy's Code Remedies, sec. 471 (4th Ed.), 580 (old

Ed.) ; 40 N. Y. 504; 49 N. Y. 626, 631; 13 S. C. 339; 16 S. C. 373-4; 23 S. C. 282; 27 S. C. 225; 34 S. C. 273; 34 S. C. 289; 70 S. C. 107. *Appellants are not in position to claim that the respondent has forfeited any rights under the contract, for the reason that appellants, as appears from the pleadings, has never offered to comply literally and strictly with the terms of said contract:* 90 S. C. 496; 99 S. C. 83-87.

*Mr. T. M. Lyles,* also for respondent, submits : *Where the action is brought for specific performance, and, for some reason (as where vendor has disabled himself) specific performance cannot be granted, the Court will not dismiss the action, but will retain it for the purpose of awarding such damages as the vendor has sustained:* 36 Cyc. 748. *Where the action is brought for damages, the remedy by specific performance is not lost to plaintiff until his action for damages is prosecuted to judgment.* "*A party may lose his right to specific performance of a contract by first prosecuting his claim for damages to judgment at law:*" 20 Enc. P. & P. 398. "*Damages for breach of contract may be coupled with action in equity for specific performance:* Syllabus (2) in *Davenport v. Latimer,* 53 S. C. 563. *In Connihan v. Thompson III Mass. 270, the Court said:* "*The remedying in equity by compelling specific performance and that at law in damages for the breach are both in affirmance of the contract. They are alternative remedies, but not inconsistent, and remedy in both forms might be sought in one and the same action. If the plaintiff institutes separate actions he cannot carry both to judgment and satisfaction. He may be compelled by order of the Court, at any stage of the proceedings, to elect which he will further prosecute \* \* \* But the mere commencement or pendency of one will not war the other or defeat the action:*" See, also, 34 L. R. A. (N. S.) 309, and extensive note. *It is proper for a Court, before or after judgment, in furtherance of justice, to order a pleading amended to conform to the facts proved, or to accomplish substantial justice:* Code Civ. Procedure 1912, sec. 224.

January 27, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for the failure of the defendants to perform on their part the following contract:

"State of South Carolina, County of Fairfield. This indenture made this the 14th of July, A. D. 1917, by and between C. E. Strange and Louise Strange and Thomas A. Fairey, witnesseth: That the said C. E. Strange and Louise Strange hereby agree to sell unto the said Thomas A. Fairey: 'All that certain tract of land lying, being and situate in the county of Fairfield and State aforesaid, containing three hundred and ninety acres, more or less, situate about two miles south of Winnsboro, bounded by lands of Winnsboro Mills, J. G. McCants, W. L. Kirkpatrick, Joe Davis and right of way of Southern Railway Company, being the Rabb tract and McCants tract.'

"And the said Thomas A. Fairey agrees to pay for the said land twenty-three thousand four hundred dollars on the 10th day of December next.

"The said C. E. Strange and Louise Strange hereby reserve the right of possession of said land until the 10th day of December next and all crops on said tract of land for the current year to belong to the said C. E. Strange and Louise Strange, and the said sellers are also to have the right to use and the possession of the ginnery until the 30th day of December next.

"Upon the payment of the purchase money a good and sufficient deed of conveyance to be made and delivered to said tract of land.

"It is further agreed that in the event of the destruction of any building insured, then any amount collected on the policy of insurance by the sellers shall be deducted from the purchase money hereinbefore mentioned.

"And we hereby bind ourselves, our heirs, executors and administrators by these presents. Signed, sealed and deliv-

ered in the presence of: W. D. Douglas, S. D. Ellison. Louise Strange, C. E. Strange, Thomas A. Fairey."

The answer of the defendants is as follows:

"The defendants above named, by W. D. Douglas and G. W. Ragsdale, their attorneys, answering the complaint herein, for a first defense:

"(1) Deny each and every allegation therein contained, except as may be hereinafter specifically admitted or qualified.

"(2) The defendants admit that they did sign the instrument of writing which is annexed as an exhibit to the plaintiff's complaint, but they allege that as to the defendant, Louise Strange, she did not sign the same voluntarily and willingly, but, on the contrary, was unduly urged to do so, after she had repeatedly stated her unwillingness to sign.

"(3) Further answering the said complaint, the defendants allege that it was distinctly understood by and between the plaintiff and the defendants, at the time of the signing of the said writing and before it was signed, that the price of the said lands to be paid to the defendants by the plaintiff was sixty ($60.00) dollars per acre, and that as to the McCants tract, that the defendants were not the exclusive owners thereof, but, on the contrary, that the minor children of the defendants were seized and possessed of a remainder in the said tract, which was entirely beyond control of the defendants and which could only be conveyed to the plaintiff by the direction and approval of the Court upon showing first made, that such conveyance would be advantageous to said minors.

"(4) That after signing the said writing annexed to said complaint and after full consideration, the defendants became convinced that the interests of their minor children would be greatly prejudiced by the terms, conditions, and stipulations contained in the said agreement, and thereupon at once notified the plaintiff that while they were ready and

willing to carry out the same, in so far as their personal
interests was concerned, that they had been advised by coun-
sel to take no steps, so far as the interests of their said minor
children should be involved, which would result to the preju-
dice of the rights and interests of said minors.

"(5) That prior to the commencement of this action the
defendants have offered to convey to the plaintiff, pursuant
to the said writing as above stated, all right, title, and inter-
est of the defendants in the premises described in said writ-
ing and in the complaint, but, upon learning that a convey-
ance of the interests of the minor children of the defendants
pursuant to the said agreement would certainly result to the
great prejudice of their interests, defendants notified plain-
tiff that the said agreement must be construed to relate only
to such interests as defendants possessed in the said premises
and as plaintiff well knew at all times was the limit of their
right to convey.

"(6) That the defendants have at all times been willing
and ready to convey to the plaintiff the tract which is
referred to in the said agreement as the 'Rabb tract,' which
is owned exclusively by the defendants, or to convey all such
interests as they own in both of said tracts, but the defend-
ants' offer to so convey have been peremptorily rejected and
declined by the plaintiff, who has made the unreasonable
demand of the defendants that they proceed to obtain an
order of Court requiring the conveyance to him under the
power and authority of this Court of all the interests of the
minor children of the defendants in the 'McCants tract,'
which the defendants repeat would be to order the sacrifice
of said interests, and defendants specifically deny that they
have refused to carry out or have breached any agreement
which was made by or between them and the plaintiff.

"Wherefore, the defendants demand judgment that the
complaint be dismissed with costs."

The plaintiff construed this to be an offer of the defend-
ants to convey the Rabb tract alone. The case was put on

Calendar No. 1 for trial by a jury. When the case was called for trial, the plaintiff submitted an offer to accept a conveyance of the Rabb tract, at a proportionate price, in full settlement of the case, and moved for judgment on the pleadings. The defendant disclaimed that construction of their answer, but the trial Judge gave judgment which directed a conveyance of the Rabb tract. From this judgment the defendants appealed.

The Courts have no power to make contracts for people and then require them to perform them. They can only require parties to contracts to specifically perform the contracts they themselves make. This is fundamental law, and no authority is needed for it.

1. The first error is to be found in that construction of the contract that makes it a contract to convey two tracts of land.

It is a contract to convey one tract composed formerly of two tracts. The names of the former tracts are given as a part of the description. The acreage is given as a whole, and the boundaries are given as a whole. It is manifest that the subject of the contract is all the land included within those boundaries. The contract made the land one tract, and by the one tract the rights of the parties must stand or fall. The pleadings show that the plaintiff was notified that the contract could not be performed, and after that the plaintiff brought his action sounding in damages for its breach.

2. This would end the case for specific performance, unless the defendants, by their answer, made a new offer to sell the Rabb tract alone. The plaintiff took that view of it, and the trial Judge sustained their view. In this we think they were in error. The first part of paragraph 6, taken by itself, does look that way; but when the answer is taken as a whole and construed liberally, as required by the Code of Procedure, it appears that the state-

ment was intended in mitigation of damages, if any, and not as an offer to compromise or a new contract.

The judgment is reversed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.