10220

COGGINS v. McKINNEY ET AL.

(99 S. E. 844.)

LANDLORD AND TENANT—IMPROVEMENTS BY TENANT—COMPENSATION.—
　　Where a son-in-law, while a tenant on property belonging to his
　　father-in-law, erected improvements in good faith, with the knowl-
　　edge and consent of the father-in-law, and with the intention of
　　enjoying them in event he became the owner, he was entitld to be
　　reimbursed therefor, provided such improvements increased the
　　rental value of the land.

Before SHIPP, J., Spartanburg, —— term, ——.  Af-
firmed.

Action by J. H. Coggins against Wm. McKinney and
Minnie Coggins.  From a judgment for plaintiff for a part
of the relief demanded, both parties appeal.

Messrs. Sanders & DePass, for plaintiff-appellants, cite:
As to statute of frauds: 21 S. C. 480; 3 Pomeroy Eq. Juris-

prudence, sec. 1409; 48 S. C. 66; 63 S. C. 561; 36 Cyc. 681, 682, 683, 684, 685; 23 S. C. 1; 29 S. C. 72, and authorities cited therein; 3d Hill's Law, p. 173, and star page 487; 77 S. C. 511, and cases cited therein; 21 S. C. 480. *As to betterments:* 102 S. C. 465; 36 Cyc. 684; 77 S. C. 511.

*Messrs. John Gary Evans* and *L. A. Phifer,* for William McKinney and Minnie Coggins, respondents and appellants, cite: *As to the statute of frauds:* Code of 1912, vol. I, sections 3736, 3735; 22 S. C. 468; 60 S. C. 430; 94 S. C. 63; 92 S. C. 501; 75 S. E. 892; 106 S. C. 531; 95 S. C. 86; 100 S. C. 348; 77 S. C. 515. *As to plaintiff's claim for betterments:* Code 1912, vol. I, sec. 3526; 22 S. C. 389; 43 S. C. 279. *Can a tenant recover for improvements placed upon the land of another?* 77 S. C. 511-515, 517; Rich. Law, 430; 32 S. C. 589; 79 S. C. 460. *As to Coggins being a tenant:* 97 S. C. 334; Rich. Eq. 108; 79 S. C. 141.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for specific performance, and that denied, for money spent in good faith by the occupant to improve the property.

The master found against the plaintiff on the first issue and for the plaintiff on the second issue; and the Circuit Court confirmed that report.

Appeal by both sides. We are content to abide the judgment of the Court upon the first issue, and without any discussion of the question. The report of the master (confirmed *pro forma* by the Circuit Court) satisfies us in the conclusion he reached.

The second issue is not free from difficulty; but upon a settled consideration of the law and the testimony we are of the opinion that the plaintiff is entitled to compensation for the improvements he has made, and the amount fixed by the master.

Beyond cavil, as matter of fact, Coggins constructed buildings on the land well estimated to be worth $800. The master so found, the Court so found, and the testimony is conclusively to that effect. And it is also true that, while the land yielded $128 per year rent before the improvements were erected, it yielded in 1913, 1914 and 1915 $228 per year rent. Beyond question, as matter of law, it is true that generally a stranger may not spend his money in making improvements on another's land and have reimbursement therefor.

But as matter of law it is also true that under some circumstances a stranger who has constructed improvements on land while it is in his possession may be reimbursed for his expenditures.

Such claims, in the cases reported in our books, have generally been made by an occupying tenant in common; and they have been frequently allowed. In the instant case the claim is made by one who, as it turns out, has no title and has no right to a title.

The master found, as a fact, that the tenant erected the improvements with the knowledge and consent of the owner, and with no intention by the tenant to make the owner a gift of the improvements. So much is equivalent to finding that the tenant erected the improvements in good faith, with the knowledge and consent of the owner, and with the intention of enjoying them in the event he came to be the owner. The Court confirmed that finding, and the testimony tends strongly to prove it. The appealing owner has not satisfied us that the finding is wrong. Whether the tenant under these circumstances is entitled to be reimbursed is the issue of law to be decided.

It is plain that the improving occupier may be recompensed at all only when the improvements he has made have added value to the land, so that they enhance the rent which

the owner may get from it.    For instance, if the improvement should be a work of art only, of no rental value, the occupying tenant could have no compensation for it. ·

To state a simple case which will illustrate the principle we have in mind, and which principle must control the instant case: If, when Coggins went into possession January 1, 1905, the reasonable rent was $128 per year; and if, in that year Coggins spent, under the circumstances found $100 in improvements; and if Coggins should have been put out at the end of that year; and if McKinney should have rented the place in 1906 for $228; and if such increase in the rent was due to the improvements; then McKinney ought, of right, to return to Coggins, out of the rent increase, the $100 which Coggins had spent towards improvements.

The equity of that transaction lies in the fact that the increase was caused by Coggins' efforts, and the return of $100 to him out of that increase does not take anything from McKinney and compensates Coggins for his expenditure. The parties are thus made equal, and equality is equity.    See Harper, Ch., quoted in *Dellet v. Whitner,* Cheves Eq. 230.

Applying this principle to the case in hand, what is the result?

It is certainly true that Coggins' improvements added $100 per year to the rental value of the land; for, while the rental value was $128 per year before the improvements were made, yet, after that event, Mayberry paid Coggins $228 per year for rent in each of the years 1913, 1914 and 1915.    The increment of $100 thus paid to Coggins took nothing from McKinney, who got his $128 rent.    It was the fruit of Coggins' expenditure, and it belonged to him.

The presumption is that for successive years the improvements will continue to add so much to the rental value, and the owner will enjoy that increase.    The owner ought, therefore, to compensate Coggins for the improvements which has caused the rent increment, and which the owner will surely enjoy.

18—112

The conclusion which was reached by the Circuit Court was right, and the judgment of that Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. JUSTICE FRASER. I dissent. Mr. McKinney put his daughter, Mrs. Coggins, and her husband in possession of a tract of land. This action was brought on the theory that the possession was given as a part performance of a contract to convey. This theory failed utterly. The plaintiff himself testified that there was no contract to convey, but that his father-in-law said, "I intend for you and Minnie (Mrs. Coggins) to have it," and added, "I suppose he intended to include me." Mr. Coggins, with the reluctant consent of Mr. McKinney, put improvements on the place. The reluctant consent applied to the great cost of the improvements. Mr. Coggins and his wife had a disagreement, and she left the place and went back to her father. Mr. McKinney then undertook to regain possession of the place, and this action was brought to protect the rights of Mr. Coggins in the land. Now, what are those rights? Mr. Coggins improved the land of another without a contract as to future enjoyment, and, as a matter of law, the improvements belong to the owner of the land. It is claimed, however, that there is an equity, and by this equity Mr. Coggins must be paid. I see nothing in the case except the supposition of Mr. Coggins to indicate that Mr. Coggins was to receive any other rights or privileges than such as every man has in the property of his wife. If Mrs. Coggins were asking protection, then the equity may apply. Mrs. Coggins repudiates the claim of her husband, and sets up no claim against her father.

It seems to me that the only inference to be drawn from the testimony is that the real party in interest is Mrs. Coggins, and not Mr. Coggins. Treating the agreement, if any, as that of Mrs. Coggins, all that Mr. Coggins can claim successfully is that he improved the land of his wife, and, if he did, the presumption is that the improvements were a gift

from the husband to his wife (21 Cyc. 1297), and there is no evidence of a contract to repay and no trust created thereby. If the rule were otherwise, a husband could improve his wife out of her property. It may amount to confiscation by improvement.

The equity of Mr. Coggins disappears when the facts are considered. When Mr. McKinney offered to put Mr. and Mrs. Coggins in possession of the land, Mr. Coggins protested that the other children might object to the undue preference. Mr. McKinney said the property was his, and he would do with it as he pleased. The land cost Mr. McKinney $1,600, and he charged 8 per cent. only as rent, or $128. This was paid as rent until this trouble began. Then Mr. Coggins insisted on calling it interest. Mr. Coggins rented out the place for two years and collected $228 per annum as rent. The complaint alleges that Mr. Coggins was in possession for 12 or 14 years before this suit was commenced in 1916. Since that time Mr. Coggins has paid no rent.

The value of the improvements, as fixed by the master and Circuit Judge, is $800, and if $800 is the fair value of the improvements, then Mr. Coggins has lost nothing by his improvements.