18451

Carrie FOOTMAN, Respondent, v. Walter Lee SWEAT, Individually and as Executor of the Last Will and Testament of Carrie Govan, Appellant.

*(146 S. E. (2d) 624)*

*Messrs. Marshall B. Williams* and *Lofton M. Fanning* of Orangeburg, *for Appellant*

*Furman R. Gressette, Esq.,* of St. Matthews, *for Respondent,*

February 3, 1966.

*Per Curiam:*

This is an appeal from an order of the County Court of Orangeburg County decreeing the specific performance of an oral contract to devise certain real estate. The basic contentions of the appellant are that the evidence is insufficient to meet the strict burden of proof required to establish such a contract, or its performance by the plaintiff, and that the subject matter thereof was indefinite and uncertain. We have carefully reviewed the evidence in the record and are convinced that the decree of the lower court, which will be reported herewith, adequately and correctly disposed of the primary issues involved.

The contract, as well as its performance by the plaintiff, was clearly proved by the evidence and, with one exception, the subject matter thereof was proved to be definite and certain. The decedent owned only one parcel of real estate, upon which the frame dwelling contracted to be devised, and the residence occupied by the decedent were both located. The size and shape of this parcel of land do not appear in the record, and the contract entered into did not specify the metes and bounds of the portion of this parcel, containing

the frame dwelling, which plaintiff was to receive under the contract. The trial court concluded, we think correctly, that the appropriate and equitable solution was that the lot on which the frame dwelling stood should be one of reasonable size and in keeping with the neighborhood in which it was situated. There is nothing in the record to indicate that this solution cannot be accomplished, and yet leave the other residence owned by the decedent, and not involved in this litigation, likewise on a lot which is of reasonable size and in keeping with the neighborhood. The plaintiff, having fully performed the contract on her part, should not be defeated in her rights when a dividing line between the residences can be reasonably and equitably established without doing violence to what we think was the obvious intent of the decedent.

To save the parties any unnecessary expense, the trial court left open the matter of the precise metes and bounds of plaintiff's lot, to be agreed upon by the parties if possible, and, in the event of their inability to agree, provided that the court would, upon a motion by the plaintiff, order a survey of the premises and fix the boundaries. His order also referred to the payment of the costs of such a survey by the defendant.

We think that equity requires some modification of the order in this respect. In the event the parties are unable to agree as to the metes and bounds of plaintiff's lot, either party should have the right to move the court for an order fixing such, and the matter of any additional costs incurred in fixing the same should have been left open for determination in the light of subsequent developments.

Except as hereinabove modified, the judgment of the lower court is affirmed.

Modified and affirmed.

The order of Judge SUMMERS follows:

This is an action for the specific performance of an oral contract to devise real estate, commenced in the County

Court for Orangeburg County. The summons and complaint were served on September 12, 1963, and were filed in the office of the Clerk of Court on September 19, 1963. Answer was duly filed by the defendants. All parties have been legally served and are properly before the Court.

The complaint alleges that during November 1962, Carrie Govan proposed and offered to plaintiff that if plaintiff would take care of her and provide for her until her death that she would devise plaintiff accepted and fully per-Orangeburg, S. C.; that plaintiff accepted and fully performed all of the terms and conditions thereof; that Carrie Govan left her last will and testament dated November 29, 1958, in effect at her death in June, 1963, wherein she devised said house and lot to Walter Lee Sweat, a defendant herein; and that this devise was in violation of such agreement.

The answer admits the ownership by Carrie Govan of the house and lot involved and that Carrie Govan died leaving in force her last will and testament dated November 29, 1958, and admitted to probate, wherein Walter Lee Sweat was the sole devisee; denies the contract to devise, and pleads the Statute of Frauds.

Two references were held, July 9, 1964, and July 24, 1964, and at each, witnesses offered by the parties were heard. The transcribed testimony is herewith submitted.

Carrie Govan in November, 1962, lived in her cement block dwelling situate on her property in the northeastern suburbs of the City of Orangeburg, 414 College Avenue. Next to her said dwelling she owned a frame dwelling also situate on her property. She was then about eighty years of age, an amputee, her right leg had been amputated above the knee. Her physical condition was pretty good. Her mental condition was pretty good; she knew what she was doing. She was non-ambulatory, and generally needed nursing care. Her eyesight was bad; she was in and out of the bed due to her physical condition.

Carrie Govan is the grand aunt of plaintiff. Plaintiff's maternal grandmother and Carrie Govan are sisters.

The testimony of plaintiff's witnesses, none of whom was related to plaintiff or Carrie Govan, clearly and convincingly establishes a voluntary agreement between Carrie Govan and plaintiff, initiated by Carrie Govan, whereby plaintiff would provide a home for Carrie Govan, care for her and nurse her until she died and that Carrie Govan would devise plaintiff her frame house and lot. Pursuant to this agreement Carrie Govan went to live with plaintiff in November, 1962, and lived with her until her death in June, 1963, except for a two week return to her home. It is undisputed that plaintiff provided a home for Carrie Govan, nursed her, cared for her, gave her comfort and fellowship, provided her with food, medicine and medical care, and generally did everything in reason in providing for her care and comfort. It is clearly and firmly established, and uncontradicted, that plaintiff faithfully and devotedly carried out her part of the agreement.

It is significant that no witness questioned the making of the aforesaid agreement or the care and attention rendered to Carrie Govan by the plaintiff in carrying out the agreement.

Carrie Govan died in June, 1963, leaving of force her last will and testament dated November 29, 1958, which was duly admitted to probate, wherein she left said frame house and lot to defendant, Walter Lee Sweat, notwithstanding her agreement with plaintiff.

The law is well established in cases of this nature that the proof required to establish an oral agreement to devise must be definite, clear, certain and convincing, and that such testimony should be scrutinized and carefully received. The testimony of plaintiff's witnesses amply comply with these requirements. Their testimony clearly and convincingly establishes the agreement and the faithful performance thereof by plaintiff. *Young v. Levy,*

206 S. C. 1, 32 S. E. (2d) 889; *McLauchlin v. Gressette,* 224 S. C. 296, 79 S. E. (2d) 149.

The fact that Carrie Govan prior to the aforesaid ■■ agreement had made a will and designated the defendant, her grandson, Walter Lee Sweat, as the sole beneficiary does not of itself determine that such an agreement has not been made. The existence of the will executed by Carrie Govan may be considered "as bearing on the improbability of the existence of a contract inconsistent with its terms." *McLauchlin v. Gressette,* 224 S. C. 296, 79 S. E. (2d) 149. However, definite and concise proof of the agreement to devise definitely establishes the existence of such a contract although inconsistent with the will. The execution and existence of the will as to such an agreement would become academic when the agreement is proven as required by law.

It should be noted that Mrs. Onita Rast, witness for plaintiff, testified that Carrie Govan told her in substance that she intended to have it fixed so that plaintiff would get what she promised her but got ill and was not able to have it done.

The consideration on the part of Carrie Govan for the aforesaid agreement, which plaintiff is entitled, is "the house next door and the lot" or "The frame house and the lot, right next door to the one she was living in prior to the time she went to Cameron." Paragraph 3 of the will of Carrie Govan, which is part of the record, devises her right, title and interest in certain lands in the northeastern suburb (outside) of Orangeburg with two houses thereon.

The defense, Statute of Frauds, Section 10-101, 1962 ■ S. C. Code, that since the agreement involved in this action was not in writing it is void, is not applicable; as performance of the agreement by plaintiff removed the necessity for the agreement to be in writing. *McLauchlin v. Gressette,* 224 S. C. 296, 79 S. E. (2d) 149.

The question that next presents itself is what should ■ be the size of the lot for the frame house. The appropriate and equitable answer is that the lot should

be one of reasonable size and in keeping with the neighborhood in which it is situate.

I find and hold that plaintiff and defendant, taking into consideration the size of the land owned by the deceased, Carrie Govan, do agree, if possible, upon the measurements and boundaries of the lot with the board house to be conveyed to plaintiff, and that defendant execute and deliver a deed to plaintiff within thirty days from date; if they cannot agree, then upon motion of plaintiff the Court will order a survey of the premises and fix the boundaries and measurements.

It is ordered, adjudged and decreed that plaintiff is the equitable owner of the board house and lot and that defendant execute and deliver to plaintiff a deed thereto as above outlined; if the parties cannot reach an agreement, then plaintiff may move the Court for a survey to fix the boundaries and measurements, the defendant to pay the costs.