19232

Franklin R. DeWITT, Respondent, v. Peter C. KELLY and Brewster J. Mention, d/b/a Conway Civic Association, of whom Peter C. Kelly is, Appellant.

(182 S. E. (2d) 65)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*Cleveland Stevens, Esq.,* of Conway, *for Respondent,*

June 9, 1971.

LITTLEJOHN, Justice.

This is an appeal from a jury verdict awarding the plaintiff $500, representing attorney's fees for personal services rendered the defendant, Dr. Peter C. Kelly. We affirm.

During April 1965 the Horry County Progressive Association (now succeeded by The Conway Civic Association), comprised of community leaders in Horry County, became interested in filing an application with the Office of Economic Opportunity in Washington for a Head Start Program grant. The defendant, Kelly, was authorized by the association to file the application. There is evidence that he sought the assistance of the plaintiff, and there is evidence that the plaintiff did in fact devote his time and effort to the preparation of and the filing of an application.

It is alleged in the complaint that the plaintiff performed professional services at the special instance and request of Kelly, for which the defendant Kelly promised to pay. The services were alleged to be reasonably worth $1200.

The answer of the defendant, Kelly, alleged (1) a general denial; (2) that Kelly was not personally liable for the

association's obligations; (3) even if it be found that Kelly promised to pay, such was not in writing and under the Statute of Frauds could not be collected from him; and (4) that interested citizens were working together to promote the project, with no one expecting to be paid or entitled thereto.

The appellant contends first, that the trial judge should have granted a motion for a directed verdict or for judgment notwithstanding the verdict because there was no evidence from which the jury could draw an inference that a contract to pay existed between the plaintiff and Kelly. In disposing of this issue we view the evidence in the light most favorable to the plaintiff. When evidence is susceptible of more than one reasonable inference, the issues must be submitted to the jury.

The plaintiff testified that in April 1965 he was called to the office of Kelly and was instructed to prepare the application blanks and return them to his office. He testified that he did as Dr. Kelly had instructed him, and devoted the necessary time and effort to the processing of the application. He testified further that Kelly told him that he would "see that I would get paid for my professional services." He also said that he was not hired by the association.

Kelly denied having committed himself personally to see that plaintiff was paid. The testimony made issues for determination by the jury. We cannot say as a matter of law from the whole of the evidence that no contract to pay attorney's fees existed between plaintiff and Kelly. The exception is without merit.

Kelly next contends that the judge should have directed a verdict because the promise was to answer for the debt of another. Under Section 11-101 of the Code such a contract, to be enforceable, must be in writing. It provides, in part, as follows:

"§ 11-101. Agreements required to be in writing.—No action shall be brought whereby:

"(2) To charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person; * * *"

We do not think that the Statute of Frauds as set forth in Section 11-101 applicable to the facts before us. Assuming, without so deciding, that the promise found by the jury to have been made, was to answer for the debt of the association, it is clearly inferable that the plaintiff actually performed the services for which compensation is sought. Plaintiff not only performed the services needed, but he procured the result desired. The contract was completely executed.

The rule set forth in 49 Am. Jur., Statute of Frauds, § 550, is applicable here:

"The courts have repeatedly reiterated that the statute of frauds only applies to executory, as distinguished from executed, contracts; *if an oral contract, otherwise within the statute, is completely executed or performed it is taken out of the operation of the statute.*" (Emphasis added.)

Also see *Footman v. Sweat,* 247 S. C. 172, 146 S. E. (2d) 624 (1966); *McLauchlin v. Gressette,* 224 S. C. 296, 79 S. E. (2d) 149 (1953).

We think as a matter of law the Statute of Frauds has no application and the judge would have been justified in so charging the jury.

The exceptions are without merit and the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, and BRAILSFORD, JJ., concur in result.

BUSSEY, Justice (concurring in result):

I concur in the result reached in the opinion of Mr. Justice Littlejohn, but most respectfully dissent with respect to his treatment of the question or questions arising under the statute of frauds.

In my view, neither the clearly distinguishable cases of *Footman v. Sweat,* 247 S. C. 172, 146 S. E. (2d) 624, and *McLauchlin v. Gressette,* 224 S. C. 296, 79 S. E. (2d) 149, nor the general proposition quoted from 49 Am. Jur. 853, Statute of Frauds, Sec. 550, has any applicability to the facts of this case. 49 Am. Jur. 854, Statute of Frauds, Sec. 551, which immediately follows the section quoted from by Mr. Justice Littlejohn, contains the following:

"It is not always clear just what is meant by the expression 'completely performed' as used in this rule that the statute of frauds does not apply when the contract has been executed or completely performed. The rule is most frequently stated with reference to an oral contract for the sale of land which has been consumated by the execution of the deed and its acceptance by the vendee, * * *"

"Part performance does not take an oral promise to answer for the debt of another out of the statute of frauds, since neither part nor *even full performance by the promisee* of the consideration for the promise enriches the promisor." (Emphasis added.) 49 Am. Jur. 803, Statute of Frauds, Sec. 500.

An exception to the foregoing rule is recognized where there has been full performance by the promisee, accompanied by a resulting benefit or consideration to the promisor. 37 C. J. S. Frauds, Statute of § 253, p. 773. And, where there has been full execution or performance by the promisor, it seems that the statute of frauds no longer applies.

"A fully executed promise to answer for the debt of another is not within the statute of frauds; after the guarantor has made good his promise the parties' rights are the same as though the promise had been written." 37 C. J. S. Frauds, Statute of § 237, p. 740.

In accord with the foregoing is our case of *Rogers v. Felder,* 98 S. C. 178, 82 S. E. 436.

In the present case it cannot be said as a matter of law that the contract has been completely executed or performed,

within the rule which Mr. Justice Littlejohn would apply. The plaintiff contends that it was performed but both its existence and performance by the promisee-plaintiff are denied by the promisor. Clearly, the promisor has not performed or else the case would not be before us.

Even if we assume that the contract was fully performed by the promisee-plaintiff, such alone would not take the contract out of the statute of frauds. In the absence of performance, compliance or other consideration flowing from the promisee to the third party, there is, at least generally, no debt, default or miscarriage by the third person, upon which a promisor may be charged. Stated another way, the statute, in effect, presupposes performance on the part of the promisee; and in the absence thereof, there is nothing to invoke operation of the statute. If performance, *by the promisee only,* removes an oral promise to answer for the debt, etc. of a third person from the operation of the statute, then that portion of the statute is rendered virtually meaningless.

The law with respect to the statute of frauds, which is applicable to this case, is set forth in our decisions in the cases of *Lorick & Lowrance v. Caldwell,* 85 S. Ct. 94, 67 S. E. 143; *McCoy v. Hydrick,* 143 S. C. 135, 141 S. E. 174; *Price v. Bethea,* 167 S. C. 376, 166 S. E. 409. I quote the following from the *Lorick* case:

"Wherever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a promise to pay the debt of another."

In the present case the evidence presented issues as to whether or not the defendant, Dr. Kelly, actually retained the services of the plaintiff and as to what his main purpose or object was, if he did so. The evidence is susceptible of more than one inference as to how much benefit he personally received from the project. There is evidence that he and various members of his family received quite substan-

tial monetary benefits and the evidence, if believed by the jury, was quite sufficient to support an inference that Dr. Kelly did retain the services of the plaintiff and that his main objects in doing so was to serve purposes of his own. In brief, I conclude that the evidence clearly presented a jury issue as to whether the statute of frauds was applicable, and the charge reflects that such issue was properly submitted to the jury in accordance with the principles set forth in our own decisions above cited.

Moss, C. J., and Lewis and Brailsford, JJ., concur.