### 20341

C. B. PARR and Mary Nance Parr, Appellants-Respondents, v. Henry L. PARR, II, Respondent-Appellant.

(231 S. E. (2d) 695)

*Messrs. Blease, Griffith and Stone, and Pope and Schumpert,* of Newberry, *for Appellants-Respondents,*

*Messrs. Boyd, Knowlton, Tate and Finlay, and Kermit S. King,* of Columbia, *for Respondent-Appellant,*

January 6, 1977.

RHODES, Justice.

This action was commenced by the plaintiffs, C. B. Parr and Mary Nance Parr, on June 20, 1975. Henry L. Parr, the defendant, is the son of the plaintiffs. The plaintiffs sought specific performance of an alleged oral contract between C. B. Parr and Henry L. Parr made during the spring of 1958. The plaintiffs alleged performance on their part of the terms of the contract. They also alleged the failure and refusal of the defendant to reconvey, by fee simple deed, as the contract purportedly required him to do, a tract of 7.14 acres of land on which is located the home in which the plaintiffs reside. This tract is more particularly described on a plat made by Claude E. Johnson, Licensed Surveyor, on May 6, 1958, attached to and made a part of the Complant.

The case was tried without a jury on February 4, 1976, at Newberry. By Decree dated April 1, 1976, the trial judge ruled that the palintiffs were entitled to receive a properly executed deed vesting in them a life estate in the 7.14 acres. The plaintiffs and the defendant have appealed from this Decree. We reverse the Decree and hold that the palintiff, C. B. Parr, is entitled to receive a deed vesting in him a fee simple title to the 7.14 acre tract.

In an action in equity (as in this case) tried by the judge alone, without a reference, on appeal this Court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Asso-*

*ciates, Ltd. v. The City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). In accordance with this rule, we hold that a preponderance of the evidence supports a finding of the following facts:

C. B. Parr and Henry L. Parr entered into an oral contract in 1958, under which C. B. Parr agreed to convey the bulk of his real property to Henry L. Parr. In return for this conveyance, Henry L. Parr agreed to procure the maximum possible loan on the property from the Federal Land Bank and pay the proceeds of the loan to his father. Henry L. Parr expressed his assent and complied with that part of the agreement calling for payment of the loan proceeds to his father. Prior to Henry's acquiring the loan, C. B. Parr transferred to his son by fee simple deed, dated April 21, 1958, approximately 469 acres of land in Newberry County. The oral contract provided that Henry was to retain fee simple title to all of the transferred land except a 7.14 acre tract on which is located the homeplace of the plaintiffs. Under the terms of the parol agreement, this tract was to be conveyed in fee simple back to the father, or to the fathers designee, as soon as the loan was acquired. In furtherance of the oral agreement, Henry assisted the licensed surveyor referred to herein-above with regard to the boundaries which should be used in preparing the plat of the 7.14 acres. This plat was completed approximately two weeks after the conveyance from C. B. Parr to Henry L. Parr. The plaintiffs have lived on the 7.14 acre tract at all times subsequent to the 1958 agreement. The defendant has made use of only a small portion of this tract, specifically, a feed barn located thereon.

C. B. Parr prepared a deed, dated July 21, 1958, in an effort to effectuate the contemplated reconveyance. This deed was transmitted to Henry L. Parr for the latter's signature and delivery. Henry, however, altered the deed so as to effect a conveyance of a mere life estate. He signed the deed and it was delivered to his father, although neither the precise time nor manner of delivery is clear under the evi-

dence. C. B. Parr did not examine this deed to ensure that it complied with the parol agreement. Instead, he placed it in his safe where it remained until immediately prior to the institution of this action in 1975. No attempt to record this deed was ever made. Legal title to the land remains in Henry L. Parr under the recorded deed of April 21, 1958. Henry has, at all times subsequent to the conveyance of April 21, 1958, failed and refused to reconvey a fee simple title to the 7.14 acres.

The defendant contends first that testimony concerning the oral agreement between himself and his father is barred by the parol evidence rule. This contention is without merit. The applicable rule of evidence is the following:

"When the written evidence of the contract does not contain all the terms of the transaction between the parties, parol evidence (not contradicting or varying the writing) is admissible for the purpose of showing a contemporaneous independent agreement entered into between the parties." *City of Greenville v. Washington American League Baseball Club,* 205 S. C. 495, 507, 32 S. E. (2d) 777, 781 (1945), quoting *Ashe v. Carolina and N. W. Ry. Co.,* 65 S. C. 134, 43 S. E. 393, 394 (1903).

Under this rule, it was permissible for the plaintiffs to testify as to what was meant by the words, "in consideration of the sum of Ten Dollars and other valuable consideration", contained in the deed of April 21, 1958. The testimony offered was to the effect that "other valuable consideration" included the reconveyance of the 7.14 acre tract by Henry L. Parr. There was no attempt here to vary or contradict the terms of the deed. This testimony was simply explanatory of what the parties meant by the words, "and other valuable consideration". It was not error to admit this evidence. See *Alexander v. McDaniel,* 56 S. C. 252, 34 S. E. 405 (1899).

The defendant next argues that the trial judge erred in finding an oral agreement, because the evidence regarding

it was not "clear, definite, certain, precise and free from obscurity". Our statement in *Gilbert v. Mid-South Machinery Co., Inc.*, S. C., 227 S. E. (2d) 189, 194 (1976), suggests the rule with respect to the necessary burden to prove the oral contract. There, in dealing with an action for fraud and deceit, we stated the following:

"Defendants argue that the use of the phrase 'preponderance of the evidence' in the charge relative to the weight of the evidence is inconsistent with the further charge that the evidence must be clear, cogent, and convincing. . . . [W]e think the following statement reflects the applicable law:

'. . . while the evidence must be clear and convincing, such clear and convincing proof may be met by a preponderance of the evidence.' " [citation omitted]

We are not concerned primarily with the *quantity* of the evidence offered to establish the oral contract, although it should be noted that the plaintiffs presented ample testimony with respect to the existence of the parol agreement. Rather, we are concerned more with the *quality* of the evidence. Such evidence must convincingly prove the existence of the contract. We conclude, as did the trial judge, that the plaintiffs proved the parol agreement by evidence which is clear, specific, definite, and convincing in nature, as is their burden. *Cloniger v. Cloniger*, 261 S. C. 603, 193 S. E. (2d) 647 (1973).

The defendant also contends that the trial judge committed error in finding acts of sufficient part performance to remove the oral contract from the coverage of the statute of frauds (S. C. Code § 11-101[4], [1962]). Sufficient part performance of a parol contract to convey or devise real estate will, in equity, remove the agreement from the operation of Section 11-101. *Footman v. Sweat*, 247 S. C. 172, 146 S. E. (2d) 624 (1966); *Scurry v. Edwards*, 232 S. C. 53, 100 S. E. (2d) 812 (1957). In *Scurry* this Court stated that the cases dealing with what constitutes sufficient part performance on the part of the party alleging

the oral agreement all rest upon the principle of equitable estoppel. This doctrine requires that the party sought to be charged upon a parol contract be denied the protection of the statute where the other party has done such acts in pursuance of and in reliance upon the agreement that the application of the statute against him would be unconscionable.

We think that the evidence in the case at bar is sufficient to warrant a finding that there was such part performance by C. B. Parr as to remove the agreement from the operation of Section 11-101. The plaintiff executed and delivered the deed of April 21, 1958, conveying to his son 469 acres of land in Newberry County. Of this acreage, Henry Parr was to keep approximately 462 acres in fee simple. Furthermore, the evidence is undisputed that C. B. Parr relinquished possession and control of the 462 acres referred to, so that his son might use, possess, and enjoy the same. Additionally, C. B. Parr and his wife have been continuously in possession of the 7.14 acre tract. This fact is evidence of the agreement of the parties that Henry L. Parr was to reconvey the 7.14 acres. The plaintiffs have successfully demonstrated, under the Scurry rationale, acts of sufficient part performance to preclude the defendant from asserting the statute of frauds as a defense to their cause of action.

The plaintiffs urge upon us the argument that the defense of laches was not available to the defendant and that the trial court erred in applying it in ruling that the plaintiffs were entitled only to a life estate in the 7.14 acre tract. We agree with this contention.

The trial judge first found that there existed an oral agreement to reconvey the 7.14 acre tract. The judge further found that this contract mandated a reconveyance of the disputed tract in fee simple. Yet the court concluded that the operation of laches converted the interest to be reconveyed into a life estate. The court erred, however, in giving effect to the doctrine of laches for two reasons.

First, upon finding that there was an oral contract between father and son and that it required a reconveyance in fee simple, the court was obligated to decree that the plaintiff, C. B. Parr, should receive title to the property in fee simple. Otherwise, the court would be impermissibly engaged in remaking the contract of the parties. *White v. Felkel,* 222 S. C. 313, 72 S. E. (2d) 531 (1952); *Fairey v. Strange,* 112 S. C. 155, 98 S. E. 135 (1919). The trial judge, in effect, made a new contract for the parties by applying the doctrine of laches, not to defeat specific performance but to reduce the estate to be reconveyed. This he had no authority to do.

The second reason why laches is inapplicable is because there is no factual basis for its assertion as a defense. The defendant's conduct, as well as the failure of his father to inspect the deed which conveyed a mere life estate, has led to the position in which the defendant now finds himself. He was as much under a duty to act in accordance with the terms of the oral contract as was the plaintiff to act diligently to ensure that the terms of that agreement were complied with. Henry L. Parr has not complied with the terms of the oral contract, even though he well knew that he was obliged to do so and that his father, who had confidence in his son's promise, expected him to do so. Under the facts of this case, Henry L. Parr is a party in *pari delicto.* As such, he is precluded from asserting the defense of laches. *Charleston Library Society v. Citizens and Southern Nat. Bank,* 201 S. C. 447, 23 S. E. (2d) 362 (1942).

The defendant also asserts the six-and ten-year statutes of limitations as a bar to the plaintiffs' action, contending that the trial judge erred in overruling the same as a defense. We deem this contention to be without merit. The action of the plaintiffs is one in equity. Therefore, the trial judge correctly ruled that neither statute of limitations is applicable. *Parrott v. Dickson,* 151 S. C. 114, 148 S. E. 704 (1929); *Fanning v. Bogacki,* 111 S. C. 376, 98 S. E. 137 (1919); *Blackwell v. Ryan,* 21 S. C. 112 (1884).

We have considered the other exceptions raised by the defendant and deem them to be of no merit. We reverse the Decree of the trial judge and order that the Clerk of Court of Newberry County execute a deed to C. B. Parr vesting in him fee simple title to the 7.14 acres in dispute in this action within ten (10) days of the filing of this Opinion.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.