23830

The NEW PROSPECT AREA FIRE DISTRICT, Respondent v. NEW PROSPECT RURITAN CLUB, an Unincorporated Association, or an Affiliate of a Corporation not Chartered in South Carolina; W. Homer Holt, President, Conway Sutton, Ray Littlefield, Joe Gregg, Kathy G. Stacey, Steven Johnson, John Alverson and Carl Byrd, as Officers, Directors, and/or Members of The New Prospect Ruritan Club or Ruritan Club of that Area, Members of that Club or Association, Affiliated with Ruritan International, Appellants.

(429 S.E. (2d) 791)

Supreme Court

*Andrew N. Poliakoff*, Spartanburg, *for appellants.*

*Roy McBee Smith*, Spartanburg, *for respondent.*

Heard Feb. 2, 1993.

Decided April 5, 1993.

MOORE, Associate Justice:

Respondent (Fire District) brought this declaratory judgment action to ascertain the parties' relative interests in the New Prospect fire station and the .69-acre lot upon which it is located.[1]

Ruritan Club acquired the .69-acre lot in October 1964. On April 27, 1965, it entered an agreement with Fire District as follows:

> (1) Ruritan Club will deed *the building lot* to Fire District for a given price;
> (2) When the *property* is free of any loan or mortgage, Fire District will return the *lot* to the Ruritan Club but Fire District will continue the right to use *said properties* as long as they are used for Fire District purposes;
> (3) Ruritan Club will pay 40% of the construction costs plus interest for the *building.*

On August 5, 1966, Ruritan Club deeded the .69-acre lot to Fire District. Fire District then applied for and received a

---

[1] Fire District owns an adjoining 1.1-acre lot which is not involved in this dispute.

HUD loan for $25,000 secured only by Fire District's note. With these funds the fire station was built.

Over the years, Ruritan Club gave money to Fire District designated "payments on building" and also made payments for utilities. In 1978, Fire District told Ruritan Club its obligation for 40% of the construction costs had been fulfilled. Ruritan Club made further payments to Fire District, at least until 1984. During this period, Ruritan Club used the fire station for its monthly meetings. In 1988, Fire District terminated Ruritan Club's use of the building and this litigation followed.

The trial judge found: (1) the 1965 agreement is inadmissible under the parol evidence rule; (2) the 1965 agreement does not reserve a right of reverter because it was "merged" in the subsequent deed; (3) the agreement is void because it violates S.C. Const. art. X, § 11, and would have allowed a fraud in procuring the HUD loan. He concluded Ruritan Club had no interest in the lot or building and held it was not entitled to reimbursement of the monies paid to Fire District.

## ISSUES

1. Whether the agreement is inadmissible under the parol evidence rule?
2. Whether the agreement was merged in the deed?
3. Whether the agreement is void?

## DISCUSSION

The trial judge concluded the 1965 agreement was inadmissible under the parol evidence rule because the deed contained all the terms for the transfer of the lot. Ruritan Club argues the deed is not complete on its face because it refers to "other valuable consideration" given in exchange for the deed. Ruritan Club relies on *Parr v. Parr*, 268 S.C. 58, 231 S.E. (2d) 695 (1977), in which this Court allowed testimony of an oral agreement to reconvey in order to alter the terms of a deed that referred to "other valuable consideration."

The parol evidence rule is inapplicable to this case. The issue here is *not* whether the deed should be construed to include a reverter but whether the 1965 written agreement to reconvey is valid. The holding in *Parr* was prompted by the lack of a written agreement to reconvey. Since an agreement

to convey real property must be in writing, S.C. Code Ann. § 32-3-10(4) (1991), the only way to effect the reconveyance in that case was to alter the terms of the deed. Here we have a written agreement and there is not need to alter with parol evidence the terms of the deed in order to imply a reverter. *Cf. Beckman v. Short*, 298 S.C. 348, 380 S.E. (2d) 826 (1989) (Statute of Frauds rather than parol evidence rule prohibits oral agreement regarding conveyance of land).

Further, the doctrine of merger does not apply in this case. Where a deed constitutes only part performance of a preceding contract, other distinct and unperformed provisions of the contract are not merged in the deed. 26 C.J.S. Deeds § 91 (1956).

The trial judge found the 1965 agreement to reconvey void because it contravenes S.C. Const. art. X, § 11, which prohibits pledging the credit of a political subdivision for the benefit of a private entity. He emphasized that taxes were levied to pay the loan for the building and that art. X, § 11, also prohibits joint ownership between a political subdivision and a private entity.

We find art. X, § 11, irrelevant to the validity of this agreement. The agreement to reconvey concerns only the *lot* not the building. No loan was taken to obtain the lot nor was the lot pledged as collateral to obtain the loan for the building. Moreover, Ruritan Club has no contractual right to use the building although it was permitted to do so over the years apparently as a courtesy by Fire District. We find Fire District's credit was not pledged for Ruritan Club's benefit.

Further, there is no issue of joint ownership involved here. If the lot were reconveyed, Ruritan Club would hold title to the .69-acre lot and Fire District would own the building. Under the agreement, Fire District can use the property, even after reconveyance of the lot, "as long as it is used for [Fire District] purposes." Should Fire District cease using the building as required, presumably it would seek reimbursement for its improvement to Ruritan Club's lot. *See Coggins v. McKinney*, 112 S.C. 270, 99 S.E. 844 (1919).

The trial judge also found "to allow the enforcement of the agreement would allow a fraud to have been committed upon [HUD]." This finding is in error since the agreement by its terms provides for reconveyance only after

the property is free of any loan. As long as HUD held a note for repayment of construction funds, Fire District had title to the lot on which the fire station was built. Enforcement of the agreement would perpetrate no fraud on HUD.

In conclusion, we hold the trial judge erred in finding the agreement void on these grounds. We need not address the issue of reimbursement for payments made pursuant to the agreement since neither party is seeking rescission of the agreement. Further, in reversing the trial judge we decline to affirmatively enforce the agreement since Ruritan Club is not seeking specific performance.

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.