20789

Azilee M. BRYANT, Appellant, v. R. E. COLEMAN, Respondent.
(248 S. E. (2d) 479)

*Venable Vermont,* Spartanburg, *for appellant.*

*George Brandt, III, Henderson, Lister, Couch & Brandt,* Spartanburg, *for respondent.*

October 23, 1978.

LEWIS, Chief Justice:

This is an action by appellant Bryant against respondent Coleman seeking to have certain property she conveyed to him in 1967 reconveyed to her. Appellant contends an oral contract or trust was created at the time of conveyance whereby respondent would hold the property for her benefit.

The master held for appellant and the trial judge reversed, holding that the master's recommendations were not supported by sufficient evidence. We reverse.

In March of 1967, appellant conveyed six tracts of real property to respondent, three of which are involved in this case. The tracts in issue are referred to as the Big House property, the Pumpkin Center property, and the Justice property.

Appellant asserts that respondent orally agreed to reconvey the property to her at a later date. Respondent denies the existence of any parol agreement to hold the property in trust for appellant and alleges full consideration was paid.

Since the master and trial judge are in disagreement, we review the record to determine, in our view, where the greater weight or preponderance of the evidence lies. *Townes Associates, Ltd. v. The City of Green-ville, South Carolina,* 266 S. C. 81, 221 S. E. (2d) 773.

We conclude that the preponderance of the evidence supports the claim of appellant that she conveyed the property to respondent in order to extricate herself from financial difficulties and that he holds her property in trust, wrongfully refusing to reconvey it.

The property was conveyed to respondent in 1967 and the building on the Big House tract burned in December 1971. The record shows that, from the time of conveyance to respondent until the house on the Big House tract burned in December 1971, every act of respondent in connection with the property was consistent with the testimony of appellant that it was conveyed to respondent in trust to be reconveyed by him when appellant and her husband had extricated themselves from their financial difficulties.

It is most significant that, although claiming the transfers of title to him were absolute and not subject to any agreement for reconveyance, respondent, according to his testimony, had collected no rents on the property from the time of the conveyance to him until the house on the Big House tract burned five (5) years later. Appellant had collected the rents and made the mortgage payments on the property to the Building and Loan Association; and after the building burned, she collected the insurance proceeds, paid off the balance due on the mortgage, and retained the balance of the insurance proceeds in the amount of $6,105.54. Although he now says that the conveyance of title to the property was absolute, he has never asserted any claim to the foregoing balance from the insurance proceeds.

Other facts in the record, which we find it unnecessary to detail, support the claim of appellant that respondent

holds her property in trust and wrongfully refuses to reconvey it.

The judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant as recommended by the master.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.