## 21035

Ada STALHEIM, Respondent, v. Karl V. DOSKOCIL, M.D., William S. Hall, M.D., and James Jennings, M.D., Appellants.

Ada STALHEIM, Executrix of the Estate of Martin Stalheim, Respondent, v. Karl V. DOSKOCIL, M.D., William S. Hall, M.D., and James Jennings, M.D., Appellants (two cases).

(257 S. E. (2d) 738)

548

*Atty. Gen. Daniel R. McLeod, Deputy Attys. Gen., C. Tolbert Goolsby, Jr.,* and *Raymond G. Halford, Asst. Atty. Gen., Edwin E. Evans, Staff Atty., Robert D. Cook,* and *Richardson, Plowden, Grier & Howser,* Columbia, *for appellants.*

*Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, *for respondent.*

August 21, 1979.

GREGORY, Justice:

This appeal is from an order of the lower court overruling appellants' demurrers to the complaints of respondent Ada Stalheim. We affirm.

These cases arose out of an assault on Mrs. Stalheim and the murder of her husband Martin Stalheim by Mannie Lee Law on September 9, 1974. Law had been judicially committed to the South Carolina State Hospital (State Hospital) on December 28, 1973 by the Probate Court of Florence County. Law escaped from the State Hospital on March 28, 1974, and assaulted the Stalheims some five months later.

Mrs. Stalheim initiated these three actions in November 1978 against appellants Karl V. Doskocil, M. D., Superintendent of the South Carolina State Hospital; James Jennings, M. D., a staff physician at the State Hospital; and William S. Hall, M. D., State Commissioner of Mental Health. The first action is brought by Mrs. Stalheim for the personal injuries she sustained when she was assaulted by Law. The second and third actions are brought by Mrs. Stalheim in her capacity as executrix of the estate of her husband for his pain and suffering and wrongful death.

The allegations in the three complaints are substantially identical, and allege in part as follows:

That the defendants (appellants) by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars:

(a) In that they did fail to exercise that degree of care which reasonable and prudent persons would have exercised under the same or similar circumstances;

(b) In that they did not exercise that degree of supervision and control over their fellow officers and employees which a reasonable and prudent person would have exercised under the same or similar circumstances;

(c) In that they permitted a committed mental patient whom they knew, or should have known, to be dangerous to have a far greater degree of discretion with regard to his physical movements than reasonable and prudent persons would have permitted under the same or similar circumstances;

(d) In that they ignored requests to notify the Sheriff's Department, Police Department, or any other legal authorities in Mannie Lee Law's town or county of residence that he had escaped from South Carolina State Hospital;

(e) In that they violated their duty to Ada Stalheim and to the public at large to take all precautions necessary to insure that Mannie Lee Law remained in the custody to which he was committed;

(f) In that they violated their duty to Ada Stalheim and to the public at large in that they failed to notify the community of Mannie Lee Law's residence, or any authorities in that community, that a dangerous escapee was loose among them;

(g) In that the defendants (appellants), medical doctors, failed to exercise that degree of knowledge, skill and care which a similarly trained physician would ordinarily exercise in similar cases, under like circumstances in the same locality.

The appellants demurred to each of the complaints on the following grounds:

(1) That the court lacks jurisdiction and the complaint fails to allege facts sufficient to constitute a cause of action because the appellants are absolutely immune from liability under the common law doctrine of sovereign immunity;

(2) That the complaints fail to state a cause of action because they do not allege that the appellants were guilty of corruption or bad faith or were influenced by malicious motives; and

(3) That the complaints fail to state a cause of action because they fail to allege that the appellants owed or breached any duty to the Stalheims.

The demurrers were heard by Judge Eppes on February 5, 1979. By order dated March 19, 1979, Judge Eppes overruled each of the demurrers for the express reason that the questions raised by the complaints and demurrers were of

novel impression and should not be decided solely on the basis of the pleadings. Judge Eppes relied on our recent decision of *Williams v. Streb,* 270 S. C. 650, 243 S. E. (2d) 926 (1978), and cases cited therein, as supportive of his ruling. This appeal followed.

On appeal from an order overruling a demurrer this Court's review is limited to the allegations stated in the complaint, which are assumed to be true. A demurrer to a compliant cannot be sustained if facts sufficient to constitute a cause of action are stated in or can be fairly gathered from the complaint. *Ellett Brothers, Inc. v. Minor,* 269 S. C. 581, 239 S. E. (2d) 75 (1977).

When viewed in this light the facts alleged in these complaints clearly state a cause of action against the appellants unless the appellants are protected by either an absolute or a qualified immunity. This Court has never before been called upon to extend immunity to officers and employees of the State under the circumstances alleged in these complaints, and we are now asked by the appellants to hold, solely on the basis of the pleadings, that as a matter of law they are not liable to Mrs. Stalheim under any theory alleged in the complaints. This we refuse to do. The extent of the immunity, if any, enjoyed by these appellants cannot be determined on the basis of the complaints and demurrers, but can only be determined by reference to the facts peculiar to these cases. As we stated in *Hanselmann v. McCardle,* 270 S. C. 367, 242 S. E. (2d) 421 (1978):

The scope of immunity, if any, enjoyed by appellants is a critical issue which should be decided at trial rather than by demurrer. 242 S. E. (2d) at 422.

Accordingly, the order of the lower court overruling appellants' demurrers is affirmed.

ffirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.