### 21570

Margaret S. HENSLEY, Respondent, v. Lawrence A. HEAVRIN, M.D., Appellant.

(282 S. E. (2d) 854)

*Louis P. Howell* of *Ward, Howell, Barnes, Long, Hudgens & Adams,* Spartanburg, *for appellant.*

*Michael L. Rudasill* of *Faucette & Rudasill,* Spartanburg, *for respondent.*

September 22, 1981.

*Per Curiam:*

This appeal is from a circuit court order denying a demurrer for failure to state a cause of action to respondent's complaint for medical malpractice. The crux of appellant's demurrer is that he could not have foreseen that his alleged negligence in making an incorrect diagnosis that respondent had syphilis would result in emotional injury to her, deterioration of her marital and family relationships, and injuries caused by her husband's violent reaction to her apparent extramarital activities.

The cause of action, as stated by the complaint, grew out of a laboratory analysis of a blood specimen from respondent which incorrectly indicated that she had contracted a venereal disease. Respondent contends that she has not only undergone severe emotional distress but that her husband was so shocked upon learning of the test results and her apparent marital infidelity that he struck and fractured her jaw in two places. It was only subsequently discovered that the test results were incorrect and that respondent did not have syphilis.

On appeal from an order overruling a demurrer, this Court's review is limited to the allegations stated in the complaint, which are assumed to be true. *Stalheim v. Doskocil,* 273 S. C. 547, 257 S. E. (2d) 738 (1979). Although there can be no cause of action against her doctor for the battery committed by respondent's husband, since such an

action is an unforeseeable intervening cause of injuries, *see Foreman v. Atlantic Land Corp.,* 271 S. C. 130, 245 S. E. (2d) 609 (1978); *Tonne v. Adams,* 262 N. C. 403, 137 S. E. (2d) 132 (1964); Prosser, *Torts* §§ 33, 44 (1971), appellant has nonetheless stated a cause of action for mental distress. *Ford v. Hutson,* 276 S. E. (2d) 776 (1981). The question of whether the action of appellant was of such an extreme and outrageous nature as to constitute the tort of mental distress is a question of fact to be determined by the jury. *See Kennedy v. Custom Ice Equipment Co., Inc.,* 271 S. C. 171, 246 S. E. (2d) 176 (1978).

Accordingly, the lower court order denying appellant's demurrer is affirmed and the case remanded for further proceedings.