0778

Barbara GILMORE, Appellant-Respondent v. David R. IVEY, D. C., Respondent-Appellant.

(348 S. E. (2d) 180)

Court of Appeals

*Richard H. Rhodes* and *George F. Abernathy*, Spartanburg, *for respondent.*

*Terry Haselden,* and *Ricky K. Harris*, Spartanburg, *for respondent-appellant.*

Heard June 24, 1986.

Decided Aug. 25, 1986.

GOOLSBY, Judge:

Barbara Gilmore appeals the circuit court's grant of summary judgment to her former employer, David R. Ivey, D. C., on her cause of action alleging outrageous conduct causing severe emotional distress. Ivey appeals the circuit court's denial of summary judgment on Gilmore's cause of action alleging negligent and reckless conduct resulting in bodily injury and other damages. Ivey also appeals from the circuit court's order settling the record on appeal. We reverse the

grant of summary judgment on Gilmore's cause of action for outrageous conduct, dismiss Ivey's appeal as untimely, and affirm the order settling the record on appeal.

Gilmore's complaint against Ivey, a licensed chiropractor, alleges that she worked for approximately two and a half years in Ivey's Spartanburg office; that Ivey initially employed her as a receptionist and later as an operator of x-ray equipment; and that toward the end of her employment with Ivey, she prepared computer cards and occasionally operated the x-ray machine.

Gilmore also alleges that, during her first year of employment, the desk at which she sat adjoined the room which housed the x-ray machine and "was in line of sight through an open doorway;" that she sat directly in front of the x-ray machine in an adjoining room during the last ten months of her employment; that, although a wall separated the two rooms, it did not shield her from the radiation produced by the x-ray machine because the wall did not contain any protective material; and that at no time did Ivey either provide her with "protective radiation garments" or give her "a monitor to wear."

In her first cause of action, Gilmore alleges that she was exposed to radiation and that her exposure was due to Ivey's negligent and reckless "reassur[ance]" that she was not receiving any radiation and to Ivey's negligent and reckless failures to line the walls and doors in the x-ray room with lead or other protective material, to provide her with protective clothing, to provide her with monitoring equipment, to post signs warning her of radiation's dangers, and to locate her desk in a protected area.

Gilmore also alleges that, since learning of her exposure to radiation, she has suffered severe mental anguish and that she has sustained bodily injury, incurred medical expenses, and suffered a loss of wages.

Gilmore's second cause of action, which realleges the allegations of the first cause of action, characterizes Ivey's alleged acts and omissions as "intentional and reckless." She contends Ivey's alleged acts and omissions constitute "extreme and outrageous conduct." She further claims Ivey's alleged conduct caused her to suffer "severe emotional distress."

By her complaint, Gilmore seeks to recover actual and punitive damages.

Ivey admits in his answer only that he practices chiropractic in Spartanburg and that he is a licensed chiropractor. He denies all other allegations in Gilmore's complaint.

After several depositions were taken, Ivey moved for summary judgment. The record does not show that either party filed any affidavits or depositions at the hearing on Ivey's summary judgment motion.[1]

Ivey's counsel, however, at the motion hearing formally published portions of the deposition of John D. McGlohorn, an employee of the South Carolina Department of Health and Environmental Control. He also introduced an exhibit attached to McGlohorn's deposition.

Gilmore's counsel, during his argument to the court in opposition to Ivey's motion, merely referred to testimony purportedly given by Gilmore, Ivey, McGlohorn, and certain unnamed doctors in their respective depositions. He did not publish any deposition either in whole or in part.

By written order, the hearing judge granted Ivey's motion for summary judgment on Gilmore's cause of action for outrageous conduct but denied Ivey's motion for summary judgment on Gilmore's cause of action alleging negligence and recklessness.

In his order, the hearing judge recited that he entertained argument from Ivey's and Gilmore's respective attorneys and received "evidentiary matter ... in the form of relevant portions of deposition testimony taken of John D. McGlohorn as well as the report of Mr. McGlohorn attached and

---

[1] This court, pursuant to Supreme Court Rule 2, directed the Clerk of Court of Spartanburg County to send up to the Court of Appeals for its inspection and consideration a copy of each deposition filed with and before the Circuit Court at the time it heard Ivey's motion for summary judgment. The Clerk's response indicated that no deposition was ever filed.

Rule 87(H)(5)(a), which was in effect when Ivey's summary judgment motion was argued and is now Rule 30(f)(1) of the new South Carolina Rules of Civil Procedure, provides in part:

[The officer] shall then securely seal the deposition ... and shall promptly deliver it ... to the party taking the deposition who shall retain the original and become the custodian. *The custodian shall promptly file the original deposition with the Clerk of Court when the same is to be used at a hearing or at trial.* [Emphasis ours.]

identified as the Defendant's exhibit number two to the deposition of Mr. McGlohorn."

## I. Gilmore's Appeal

The basic question raised by Gilmore's four exceptions is whether the "pleadings and documents before the court" show the existence of a genuine issue of material fact concerning her cause of action for outrageous conduct.

The hearing judge held with respect to Gilmore's cause of action for outrageous conduct that "[t]here is simply no genuine issue of fact concerning whether Defendant's conduct approaches the level of egregious behavior to which this cause of action addresses itself." He expressly based his decision "on the evidentiary support [*sic*] presented in support of the motion." He considered nothing else.

Prior to the adoption of the new South Carolina Rules of Civil Procedure, Circuit Court Rule 44 provided the means by which a party could pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there were no issues of fact requiring trial. *See* 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2712 at 569 (2d ed. 1983); S.C.R. CIV. P. 56. Under both former Circuit Court Rule 44(c) and Rule 56(c) of the new South Carolina Rules of Civil Procedure, a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The grant of summary jugment is appropriate only if ▮▮ it is perfectly clear that no genuine issue of material fact exists, that inquiry into the facts is not desirable to clarify the application of the law, and that the movant is entitled to judgment as a matter of law. *Crescent Company of Spartanburg, Inc. v. Insurance Company of North America*, 266 S. C. 598, 225 S. E. (2d) 656 (1976); *Davis v. Piedmont Engineers, Architects and Planners, P.A.*, 284 S. C. 20, 324 S. E. (2d) 325 (Ct. App. 1984). A party seeking summary judgment has the burden of clearly establishing by the record properly before the court the absence of a triable

issue of fact. 6 J. MOORE, W. TAGGART & J. WICKER, MOORE'S FEDERAL PRACTICE, para. 56.11[3] at 56-252 (2d ed. 1986) [hereinafter cited as MOORE'S FEDERAL PRACTICE]; 73 Am. Jur. (2d) *Summary Judgment* § 15 at 736 (1974); *see Tom Jenkins Realty, Inc. v. Hilton,* 278 S. C. 624 300 S. E. (2d) 594 (1983). A party who fails to show the absence of a genuine issue of material fact is not entitled to summary judgment "even though his adversary does not come forward with opposing materials." MOORE'S FEDER-AL PRACTICE, *supra,* para. 56.11[3] at 56-252; *Title Insurance Co. of Minnesota v. Christian,* 267 S. C. 71, 226 S. E. (2d) 240 (1976). While statements of fact can constitute an "admission[ ] on file" [MOORE'S FEDERAL PRACTICES, *supra,* para. 56.11[6] at 56-286-287] and thus be entitled to consideration by the court in determining whether a genuine issue of material fact exists, factual statements of counsel, whether made during oral argument or in written briefs or memoranda, ordinarily may not be so considered. *Smith v. Mack Trucks, Inc.,* 505 F. (2d) 1248 (9th Cir. 1974).

In determining whether a genuine issue of material fact exists, a court must consider *everything* in the record — pleadings, depositions, interrogatories, admissions on file, affidavits, *etc. Keiser v. Coliseum Properties, Inc.,* 614 F. (2d) 406 (5th Cir. 1980). Like its federal counterpart, Rule 44 did not, and new Rule 56 does not, "distinguish between documents merely filed and those singled out by counsel for special attention — the court must consider *both* before granting a summary judgment." [Emphasis added.] *Id.,* at 410.

Here, because the depositions relied on by Gilmore either had not been filed as the rule required or had not been published and therefore were not in the record [*see* S. C. CIR. CT.R. 87 (H)(5)(a); *see also* S.C.R. CIV. P. 30(f)(1)], the hearing judge properly disregarded the testimony that Gilmore's counsel, during his argument, claimed was reflected by those depositions. *Cf. McManus v. Bank of Greenwood,* 171 S. C. 84, 171 S. E. 473 (1933) (a court cannot consider statements of fact appearing only in argument of counsel).

The hearing judge, however, neglected to consider portions of the complaint's factual allegations left undisturbed by the published excerpts from McGlo-

horn's deposition and the exhibit introduced by Ivey's counsel.

No part of the deposition excerpts or of the exhibit clearly shows that Ivey pierced the allegation in the complaint that Ivey "reassur[ed] the Plaintiff that she was receiving no radiation which he knew ... was not true." Indeed, counsel for Ivey, with commendable candor, conceded during oral argument before this court that the record contains no evidence refuting this allegation.

Obviously, then, a genuine issue of material fact is still involved.

Moreover, inquiry into the facts is desirable to clarify the application of the law of outrageous conduct. *See Bell v. Dixie Furniture Co., Inc.,* 285 S. C. 263, 329 S. E. (2d) 431 (1985); *cf. Hensley v. Heavrin,* 277 S. C. 86, 282 S. E. (2d) 854 (1981) (a complaint held to state a claim for outrage where plaintiff, according to record, alleged defendant physician recklessly advised plaintiff she had syphilis).

The hearing judge erred, therefore, in granting Ivey summary judgment on Gilmore's cause of action for outrageous conduct. Accordingly, we reverse the circuit court's order to this extent. In doing so, we intimate no opinion as to the ultimate viability of Gilmore's claim. *Todd v. South Carolina Farm Bureau Mutual Ins. Co.,* 276 S. C. 284, 278 S. E. (2d) 607 (1981), *appeal after remand,* 283 S. C. 155, 321 S. E. (2d) 602 (Ct. App. 1984), *quashed in part,* 287 S. C. 190, 336 S. E. (2d) 472 (1985).

## II.

We dismiss Ivey's appeal from that portion of the circuit court's order denying his motion for summary judgment on Gilmore's cause of action alleging negligence and recklessness. An order denying a motion for summary judgment, being interlocutory, is not directly appealable. *Mitchell v. Mitchell,* 276 S. C. 44, 275 S. E. (2d) 1 (1981).

## III.

As to Ivey's appeal from the order settling the record on appeal, Ivey's complaint centers upon the hearing judge's ordering the parties to print the arguments made by counsel at the hearing on Gilmore's motion for summary judgment.

We discern no error. Although, as we noted above, argument is not evidence, nonetheless argument by counsel on a motion which is the subject of one or more exceptions on appeal constitutes "relevant matter" under Supreme Court Rule 4 where, as here, the argument is necessary to an understanding of the issues on appeal.

The order settling the record, therefore, is affirmed.

Reversed in part, dismissed in part, and affirmed in part.

GARDNER, J., and MENDENHALL, Acting J., concur.