## 1081

Thomas BECKHAM, Appellant v. Sara Kay B. SHORT, Respondent.

(365 S. E. (2d) 42)

Court of Appeals

*Brooks P. Goldsmith,* of *Thomas, Goldsmith, Folks & Hodges,* Lancaster, *for appellant.*

*Paul E. Short, Jr.,* and *Lamar H. Kelsey, III,* Chester, *for respondent.*

Heard Dec. 14, 1987.

Decided Jan. 25, 1988.

CURETON, Judge:

This case involves a transfer of real property between a father and daughter. In June of 1985 Thomas Beckham executed a deed conveying his home and eighty-four (84) acres of land to his daughter, Sara Kay B. Short. The stated consideration in the deed was "five dollars, love and affection." In May of 1986 Beckham filed a complaint alleging Short had agreed before and at the time of conveyance to return the property to him upon his request.[1] He alleged she refused to transfer the property back although he had made repeated requests. Beckham sought a declaration from the court that Short held the property in trust for his benefit

---

[1] Beckham claims he transferred the property to Short after she informed him that other family members planned to have him committed to the State Mental Hospital and take all of his property.

and an order requiring her to deed the property to him. Short denied the alleged promise and asserted the defense of the Statute of Frauds. Short moved for summary judgment on the grounds that any alleged promise would be unenforceable under the Statute of Frauds and the only reasonable inference from the evidence is that Beckham gave the property to her. The trial court granted the motion. We reverse.

The granting of a motion for summary judgment under S. C. R. Civ. P. 56 is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

The Statement of the Case states this suit is an action ■ to enforce an alleged oral trust of real property. The parties agreed at oral argument the transfer did not constitute a sale of the property. The issue is whether there was a gift from Beckham to Short, or whether Beckham transferred the property to Short to be held by her in trust until such time as it was to be reconveyed. Under Section 62-7-101, Code of Laws of South Carolina, 1987, all declarations of trusts of land are required to be in writing or they are void and of no effect. The general rule is parol evidence may not be utilized to prove an express trust in real property. *Lollis v. Lollis*, 291 S. C. 525, 354 S. E. (2d) 559 (1987). Beckham has not alleged in his complaint or affidavit the existence of a writing setting forth the alleged agreement by Short.

A constructive trust is an implied trust arising by ■ operation of law. This type of trust may be proven by parol evidence. *Lollis, supra;* Section 62-7-103, Code of Laws of South Carolina, 1987. Beckham's affidavit contains information relating to a representation made by Short prior to the conveyance. However, we do not discern where Beckham asserts this representation was fraudulent or misleading such that he invokes the theory of constructive trust. *Lee v. Lee*, 32 S. C. Eq. (11 Rich.) 574 (1858). Further, Beckham makes no argument regarding abuse of a confidential relationship as a ground for a constructive trust. *See Searson v. Webb*, 208 S. C. 453, 38 S. E. (2d) 654 (1946); *All v. Prillaman*, 200 S. C. 279, 20 S. E. (2d) 741 (1942).

Beckham argues he should be able to demonstrate the existence of the trust agreement by parol evidence based upon the authority of *Parr v. Parr*, 268 S. C. 58, 231 S. E. (2d) 695 (1977). We agree. A well recognized exception to the parol evidence rule is that parol evidence may be admitted to show a separate and independent agreement which is not inconsistent with the terms of a contemporaneous agreement if it can be inferred the parties did not intend the written paper to be a complete integration of the agreement. *Smith v. McClam*, 289 S. C. 452, 346 S. E. (2d) 720 (1986). In *Parr*, testimony of a contemporaneous independent agreement to reconvey real estate was admitted to show the true consideration for a deed which had a stated consideration of "ten dollars and other valuable considerations." The execution of the deed constituted consideration for the agreement to reconvey. *See*, J. Dreher, *A Guide to Evidence Law in South Carolina*, 81 (Thames Rev. 1979). The affidavit filed by Beckham states he transferred the property to Short "upon her promise that she would reconvey [it] to [him] at his request." Whether this amounted to a contemporaneous independent agreement is a question of fact for the jury. *Zemp Construction Co. v. Harmon Brothers Construction Co.*, 225 S. C. 361, 82 S. E. (2d) 531 (1954).

Proof of the agreement to reconvey will show the true consideration for the deed. *Smith v. McClam, supra; Knighton v. Des Portes Mercantile Co.*, 119 S. C. 340, 112 S. E. 343 (1922); *Whitman v. Corley*, 72 S. C. 410, 52 S. E. 49 (1905). As stated in *Scott v. Wiggins*, 113 S. C. 88, 90, 101 S. E. 113, 114 (1919):

Since 1834, and before, it has been uniformly held that, notwithstanding the circumstances that a deed may recite a consideration, it is competent to prove by parol testimony what the real consideration was. *Curry v. Lyles*, 2 Hill 404. Bishop states the case thus:

"The consideration, which is not the promise of the parties, with its special terms and limitations, but merely the thing of value whereby they were nerved to make the promise, ought always to be open to inquiry by oral evidence." Bis. on Contracts, Section 65.

"Courts appear to have been more liberal in admitting parol testimony to vary or contradict the consideration expressed in deeds than in the case of some other forms of contracts." *Gladden v. Keistler,* 141 S. C. 524, 536, 140 S. E. 161, 165 (1927). Where the consideration stated in deeds is a mere recital of consideration, and not an essential part of the parties' contract, parol evidence is admissible to show a different consideration from that shown in the written instrument. Only the essential elements of a contract ever need protecting. Varying the consideration of a written instrument does not ordinarily affect the instrument's validity. *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 174 S. C. 97, 177 S. E. 29 (1934). Additionally, the consideration stated in a deed, as is the case here, ordinarily indicates a mere receipt of consideration. A receipt, being noncontractual, is subject to parol explanation. *Clinkscales v. North Carolina Mutual Life Ins. Co.,* 201 S. C. 375, 23 S. E. (2d) 1 (1942).

We hold it was error for the trial court to exclude parol evidence that would have established the nature of the consideration as a mere recital and the separate agreement of the daughter to reconvey the property.

Beckham also argues he demonstrated sufficient acts of part performance to take the oral trust out of the Statute of Frauds. According to his affidavit, he remained in possession of the land, paid taxes on it, and rented a portion to a third party. He also alleges he relied upon the oral trust when he entered into a property settlement with his former wife in which he paid her the sum of Fifteen Thousand Dollars ($15,000) in exchange for his retaining the house and land. This is the same property he deeded to Short some six months earlier. He alleges Short was present during the family court proceeding and knew the details of the property settlement. The trial court did not consider the alleged actions sufficient to take the case out of the Statute of Frauds.

South Carolina recognizes sufficient part performance of an oral contract for the conveyance of real estate will remove the contract from the statute of frauds. Section 32-3-10(4), Code of Laws of South Carolina, 1976; *Stackhouse v. Cook,* 271 S. C. 518, 248 S. E. (2d) 482 (1978); *Graham v. Prince,* 293 S. C. 77, 358 S. E. (2d) 714 (Ct.

App. 1987). This case deals with the trust portion of the statute of frauds. Section 62-7-101, Code of Laws of South Carolina, 1987. The concept of part performance with respect to an oral trust has been recognized. *Restatement (Second) of Trusts*, Section 50 (1959); *Scott on Trusts*, Section 50 (Fourth Ed. 1987); Bogert, *Trusts and Trustees*, Section 92 (Rev. 2nd Ed. 1984). The South Carolina Supreme Court recognized the doctrine of part performance in the context of an oral contract or trust to reconvey in the case of *Bryant v. Coleman*, 271 S. C. 512, 248 S. E. (2d) 479 (1978). The Supreme Court found evidence to support Bryant's claim that Coleman held her property in trust for her and wrongfully refused to reconvey it pursuant to an oral agreement. Bryant made the mortgage payments on the property and collected the rents after the conveyance to Coleman. She also retained the balance of insurance proceeds on a loss. Coleman never claimed the insurance proceeds or made any effort to collect rent although at trial he asserted the conveyance to him was absolute. The Court found the preponderance of the evidence supported Bryant's claim she conveyed the property to Coleman to extricate herself from financial problems and Coleman held the property in trust for her. The resolution of the case is founded upon Bryant's reliance on the oral trust and her actions with respect to it.

Beckham presented several fact issues in his affidavit with respect to the allegation of part performance.

Summary judgment is inappropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Shea v. Dept. of Mental Retardation*, 279 S. C. 604, 310 S. E. (2d) 819 (Ct. App. 1983); overruled on other grounds, *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985). It was error for the trial court to grant summary judgment for Short in view of the assertion of facts by Beckham on the theory of part performance.

Reversed.

SHAW and BELL, JJ., concur.