23032

Thomas BECKHAM, Respondent v. Sara Kay B. SHORT, Petitioner.
(380 S. E. (2d) 826)

Supreme Court

*Paul E. Short, Jr.*, and *Lamar H. Kelsey, III*, Chester, *for petitioner.*

*Brooks P. Goldsmith*, of *Thomas, Goldsmith, Folks & Hodges*, Lancaster, *for respondent.*

Heard April 4, 1989.

Decided June 5, 1989.

HARWELL, Chief Justice:

This is an action to enforce an alleged oral trust of real property. We granted certiorari to review the decision of the Court of Appeals in *Beckham v. Short*, 294 S. C. 415, 365 S. E. (2d) 42 (Ct. App. 1988). We affirm the result reached in the Court of Appeals' opinion.

## FACTS

Respondent Beckham (Father) deeded his home and eighty-four (84) acres of land to Petitioner Short (Daughter) in 1985. In 1986, Father sued Daughter, claiming she wrongfully refused to reconvey the property. Father sought a declaration from the court that Daughter held the property for his benefit pursuant to an oral trust allegedly entered into by the parties prior to the conveyance. Daughter interposed the Statute of Frauds as a defense, and the trial court granted her summary judgment motion. The Court of Appeals reversed, holding: (1) the trial court erred in excluding parol evidence that would have established Daughter's agreement to reconvey as the true consideration for the deed; and (2) the trial court erred in granting summary judgment where Father alleged acts of part performance sufficient to take the oral trust out of the Statute of Frauds.

## DISCUSSION

I. *Parol Evidence*

Under S. C. Code Ann. § 62-7-101 (1987), trusts in lands not manifested and proved by some writing signed by the party declaring the trust are "utterly void and of no effect." Father did not allege the existence of any writing showing that Daughter held the property in trust. In its opinion, the Court of Appeals acknowledged both the trust Statute of Frauds (§ 62-7-101) and the general rule that parol evidence is not admissible to prove an express trust.[1] *See Lollis v. Lollis*, 291 S. C. 525, 354 S. E. (2d)

---

[1] As explained in the Court of Appeals' opinion, the doctrine of constructive trust was not at issue here.

559 (1987). The Court of Appeals nevertheless held that Father should have been allowed to demonstrate the existence of the trust via parol evidence, based on the following exception to the parol evidence rule: parol evidence of a contemporaneous independent agreement to reconvey real estate is admissible to show the true consideration for a deed.

We believe that the issue of oral trusts in lands is more appropriately addressed by reference to the trust Statute of Frauds than to the parol evidence rule and its exceptions. As stated in *Scott on Trusts*, § 38 (Fourth Ed. 1987):

> There are ... numerous cases that state that parol evidence is inadmissible to engraft a trust on an absolute conveyance of land. This, however, is because of the requirements of the Statute of Frauds and not because of the parol evidence rule. Where the property transferred is an interest in land situated in a state in which the Statute of Frauds requires a written memorandum, evidence of an oral trust or agreement is not admissible, not because the proof of such trust or agreement would vary the terms of the absolute deed of conveyance, but because of the failure to comply with the requirements of the Statute of Frauds.

*See also Kinsey v. Bennett*, 37 S. C. 319, 15 S. E. 965 (1892) (where no writing evidenced an alleged trust in land, parol evidence concerning deed consideration properly ruled "incompetent" under Statute of Frauds).

South Carolina is among the states with a Statute of Frauds requiring a writing to prove a trust in land. The trial court properly ruled parol evidence inadmissible to demonstrate the existence of the trust alleged here.

II. *Part Performance*

The Court of Appeals also concluded that summary judgment was inappropriate here because in his affidavit, Father alleged acts of part performance sufficient to take the case out of the Statute of Frauds and create a factual dispute as to the existence of the trust. We agree.

The authorities cited by the Court of Appeals recognize that the doctrine of part performance in the context of oral trusts is well settled. The Court of Appeals correctly con-

cluded that summary judgment was inappropriate; further factual development was necessary here to clarify the application of the part performance doctrine. The Court of Appeals' opinion reversing the order of summary judgment is therefore

Affirmed in result.

CHANDLER, FINNEY and TOAL, JJ., concur.

GREGORY, C. J., not participating.