1809

Janice M. ALSTON, Appellant v. BLUE RIDGE TRANSFER COMPANY
and Victor Louis Harper, Respondents.

(417 S.E. (2d) 631)

Court of Appeals

*Ernest M. Spong, III,* of *McDonald, Sprott, Spong & Clarkson,* of Winnsboro, *for appellant.*

*James W. Peterson, Jr.,* and *Finley B. Clarke,* both of *Clarke, Johnson & Peterson,* of Florence, *for respondents.*

Heard March 16, 1992.

Decided April 27, 1992.

CURETON, Judge:

This is an appeal from the grant of respondents', Blue Ridge Transfer Company and Louis Harper, motion for summary judgment in an automobile accident case. The accident occurred when an automobile driven by Alston crossed the center line of South Carolina Highway 34 and collided with a tractor-trailer operated by Harper and owned by Blue Ridge Transfer Company. Appellant, Janice Alston, appeals. We affirm.

The issues in this case are whether the trial judge erred (1) in considering unfiled depositions and ordering their inclusion in the record on appeal, (2) in granting summary judgment in favor of the respondents based on a finding Harper was not negligent, and (3) in granting summary judgment for the respondents based on a finding Alston was contributorily negligent.

The undisputed facts as taken from the Statement of the Case are as follows:

[O]n January 2, 1987, [Alston] was driving her automobile in an easterly direction on S.C. Highway 34 just east of Winnsboro, South Carolina, at a speed of between 35 and 45 miles per hour. As she began negotiating a curve in the roadway to her left, her car crossed the center line. This occurred when her automobile came into contact with ice on the roadway. [Alston's] automobile continued to angle into the westbound lane where she collided with

the tractor-trailer truck being driven by [Harper] and owned by [Blue Ridge Transfer Company]. [Harper] was operating the tractor-trailer in a westerly direction on the same highway as he approached the same curve in the highway travelling at approximately 45 miles per hour. The posted speed limit at this location was 45 miles per hour. He saw the automobile of Ms. Alston halfway into his lane when he was approximately 200 to 300 feet from Ms. Alston's car. Mr. Harper applied his brakes and drove his truck to the right side of the roadway in an effort to avoid the accident. Ms. Alston's car, however, collided with the truck operated by Mr. Harper in Mr. Harper's lane of travel. Ms. Alston was injured as a result of the accident.

The granting of a motion for summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SCRCP 56(c); *Beckham v. Short*, 294 S.C. 415, 365 S.E. (2d) 42 (Ct. App. 1988), *aff'd*, 298 S.C. 348, 380 S.E. (2d) 826 (1989). In determining if there are material issues of fact, all inferences from the facts must be viewed in the light most favorable to the party opposing the motion. *Manning v. Quinn*, 294 S.C. 383, 365 S.E. (2d) 24 (1988). Accordingly, summary judgment is inappropriate if the facts are conflicting or the inferences to be drawn from the facts are doubtful. *Rothrock v. Copeland*, — S.C. —, 409 S.E. (2d) 366 (1991).

## USE OF UNFILED DEPOSITIONS

The initial issue raised by Alston is whether the trial judge erred in considering unfiled depositions in deciding the motion for summary judgment. No depositions were filed prior to the motion hearing. At the hearing both parties referred to depositions and portions of the depositions were quoted by both parties. After the trial court issued its final order, Alston for the first time asserted error in the use of the depositions because they had not been filed with the court. In its order settling the record, the trial court pointed out its and the parties' reliance upon the depositions. It held "[the failure to file the original depositions] was not brought

to the attention of the court throughout the process of the hearing. Specifically, no one throughout the course of the hearing or the process of considering the proposed order ever entered any objection to the Court's considering the deposition testimony." The trial court then ordered the depositions be made a part of the record of the case.

Alston argues this court's case of Gilmore v. Ivey, 290 S.C. 53, 348 S.E. (2d) 180 (Ct. App. 1986) mandates reversal. We disagree. In *Gilmore*, we sustained a trial judge's disregard of counsel's reference to testimony claimed to have been contained in a deposition because the deposition relied on by counsel "either had not been filed as the rule required, or had not been published, and therefore [was] not in the record. . . ." *Id.* at 58, 348 S.E. (2d) at 184. Here, however, portions of the depositions were read to the court. Moreover, Alston does not bring to our attention how she is prejudiced by the use of the depositions. *Cf. C.P.C. Partnership Bardot Plastics, Inc. v. P.T.R., Inc.*, 96 F.R.D. 184 (D.C. Pa. 1982) (failure to file deposition deprived opponent of its right to read officially filed copies at courthouse rather than paying for its own copies of the depositions).

SCRCP 30(f) differs from Federal Rule 30(f) in that the federal rule requires the officer before whom the deposition is taken to file it with the court in which the action is pending unless otherwise ordered by the court. By analogy, the federal rule, as does ours, requires the party taking the deposition to give prompt notice of its filing to "all other parties." It has been held this notice of filing requirement is waived in the absence of a motion to suppress. *Oates v. S.J. Groves & Sons Co.*, 248 F. (2d) 388 (6th Cir. 1957). We hold under the circumstances of this case the trial court did not err in considering the depositions. Having concluded the trial court did not err in considering the depositions, we also conclude it did not err in including portions of the depositions in the record on appeal.

## HARPER'S NEGLIGENCE

The respondents acknowledge, as did the trial judge, that it takes an unusual set of facts to entitle them to summary judgment in a negligence case but they assert this case presents that set of facts. Alston first argues icy road conditions required Harper to drive at a reduced speed although the speed

limit at the scene of the accident was 45 miles per hour. In asserting this position, she relies largely upon the affidavits of Brett Collins, Corporal B.S. McDonald, and Corporal R.E. Gibson. Collins was another motorist who was travelling along Highway 34 in the same direction as Harper. Collins stated Harper passed him about two miles east of the accident scene and he noticed the truck leaving tracks on the road so he stopped his car to inspect. His inspection revealed ice on the road. Both McDonald and Gibson stated icy conditions were visible on Highway 34 for about two and one-half miles east of the accident scene. McDonald stated Alston's car would have cleared the roadway ahead of Harper "in less than one second had the impact not occurred." Both Harper and Alston testified they did not notice any ice on the road prior to the accident.

Viewing the evidence in the light most favorable to Alston, we hold the evidence does give rise to a reasonable inference Harper should have discovered the icy conditions and accordingly should have reduced his speed. We nevertheless sustain the trial court's ruling that Harper's speed was not the proximate cause of the accident. Negligence is not actionable unless it is a proximate cause of the injury complained of, and it will be deemed a proximate cause "only when without such negligence the injury would not have occurred or could have been avoided" *Gunnels v. Roach*, 243 S.C. 248, 251, 133 S.E. (2d) 757, 759 (1963); *Steele v. Smith-Rogers Oil Co., Inc.*, — S.C. —, 413 S.E. (2d) 329, 331 (1992) (discussion of proximate cause). The mere fact the speed of the truck placed it in its lane opposite Alston at the time of the accident, a point where it had the legal right to be, was without legal significance. *See Odom v. Steigerwald*, 260 S.C. 422, 196 S.E. (2d) 635 (1973) (intersection collision); *Horton v. Greyhound Corp.*, 241 S.C. 430, 128 S.E. (2d) 776 (1962) (excessive speed of bus).

Alston next asserts there is a question of fact whether Harper's actions upon observing her in his lane of traffic were negligent. She relies upon the statement of McDonald that with four seconds to react Harper might have avoided the accident. McDonald further stated that with Alston sliding to Harper's right "it would have been better judgment to steer to the left." In his deposition McDonald testified

he was not comfortable with the calculations used in his affidavit because the calculations were based on a dry roadbed. He further testified it is always best that a driver not apply his brakes once he encounters ice. He further qualified his opinion in his affidavit regarding Harper's failure to steer to the left by saying: "I'm just saying there's no question in my mind looking at it after it's all said and done it'd been better judgment for him to have went to the left instead of to the right." Viewing McDonald's affidavit and deposition in the light most favorable to Alston, the trial court nevertheless concluded there was no inference of negligence on the part of Harper. The court then concluded as a matter of law that Harper was faced with a sudden emergency and his actions during the three to four second reaction period were not negligent as a matter of law. We agree.

Where a motorist is suddenly placed in an emergency situation, through no fault of his own, and is compelled to act instantly to avoid a collision, he is not negligent if he makes a choice that a person of ordinary judgment might make if placed in the same emergency situation. *Porter v. Cook*, 196 S.C. 433, 13 S.E. (2d) 486 (1941). The question of whether a sudden emergency existed is normally a question for the jury, but becomes a question for the court where the facts show no actionable negligence on the part of the defendant. *Elrod v. All*, 243 S.C. 425, 134 S.E. (2d) 410 (1964).

Applying these standards to the facts of the instant case, the pertinent question is whether a person of ordinary prudence placed in the same position as Harper would have acted similarly. The undisputed facts show that upon seeing Alston in his lane Harper removed his foot from the gas pedal. After realizing she was not going to be able to steer her vehicle back into her lane he applied his brakes and drove his truck partially off the right hand side of the road in a effort to avoid hitting Alston.[1] The trial court found, and we agree, these actions under these circumstances were as a matter of law actions which a person of ordinary prudence would have taken. We therefore hold, as did the trial court, that Harper's response

---

[1] Both Alston and Harper testified that while in Harper's lane of traffic, Alston's car swerved first to her left, then to her right, then back to her left again before the collision.

to the sudden emergency was not negligent as a matter of law.

Accordingly, the order of the trial court is

Affirmed.

GARDNER and BELL, JJ., concur.

