604 S.E.2d 397

**Melissa D. HAMILTON a/k/a Melissa Dawn Hamilton, Respondent,**

v.

**R & L TRANSFER, INC., Appellant.**

**No. 3876.**

Court of Appeals of South Carolina.

Heard Sept. 15, 2004.

Decided Oct. 18, 2004.

---

William A. Bryan, Jr. and Christian Stegmaier, both of Columbia, for Appellant.

Edward C. Boggs and S. Murry Kinard, both of Lexington, for Respondent.

STILWELL, J.:

Melissa D. Hamilton brought this action against R & L Transfer, Inc., alleging the negligence of an R & L Transfer employee caused a collision resulting in her injuries. The trial judge directed a verdict for Hamilton on liability, and the jury awarded damages to her. R & L appeals. We affirm in part, reverse in part, and remand.

## FACTS

This action arises out of an automobile accident that occurred in Lexington County on the morning of February 24, 1999. Hamilton was driving to work on Interstate 20, traveling towards Columbia. It was snowing and the snow was beginning to accumulate on the road. Hamilton crossed over an icy bridge, causing her to lose control of her vehicle and slide into the median. After her car stopped in the median, Hamilton got out of her car and walked over to another disabled motorist in the median who had also lost control of his vehicle. As Hamilton walked over to the other vehicle in the median, a car driven by Kim Wright also lost control while crossing the icy bridge. Wright's vehicle made a 360–degree spin in the left-hand lane but remained on the highway.

Daniel G. Bishop, an employee with R & L Transfer, was driving an eighteen-wheeler and traveling behind Wright. Bishop crossed over the ice-covered bridge without losing control. However, as he crossed over the bridge, Bishop saw Wright lose control of her vehicle. Bishop testified he had approximately one second to react when he first noticed Wright's car out of control. Attempting to avoid a collision with Wright's vehicle, Bishop slowed and hugged the yellow line closest to the median. However, Bishop and Wright collided, forcing Bishop to veer the eighteen-wheeler into the median where Hamilton stood outside her stranded vehicle. Although Bishop was not aware of a collision between his

truck and Hamilton's vehicle, his truck hit Hamilton's car, causing her car to leave the ground and land on her left leg, pinning her underneath the car for several minutes. Hamilton did not suffer any broken bones, but did sustain muscle injury and missed a week and a half of work.

Hamilton brought this action against R & L Transfer alleging Bishop negligently collided with her car. R & L Transfer answered and filed a third-party complaint for equitable indemnification and negligence against Wright. The circuit court granted Wright's motion to dismiss the third-party complaint. R & L Transfer made a motion for summary judgment which was denied. At the conclusion of Hamilton's case, R & L Transfer sought a directed verdict, which was denied. At the close of R & L Transfer's case, Hamilton moved for a directed verdict on the issue of liability. The trial judge granted the motion and submitted the issue of damages to the jury. The jury awarded Hamilton $30,000 in actual damages and $20,000 in punitive damages. Hamilton was also awarded court costs.

R & L Transfer filed motions for judgment notwithstanding the verdict, a new trial based on the thirteenth juror doctrine, new trial absolute, new trial nisi remittitur, and new trial based on prejudicial remarks by the trial court. The trial court denied each motion.

## LAW/ANALYSIS

■ R & L Transfer argues the trial court erred in granting a directed verdict in Hamilton's favor on the issue of liability. We agree.

■ We find the trial court erred in granting Hamilton's motion for a directed verdict because the issue of R & L Transfer's negligence was an issue for the jury. When ruling on a motion for directed verdict, the court is required to view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 611, 518 S.E.2d 591, 597 (1999). "If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury." *Mullinax v. J.M. Brown Amusement Co.*, 333 S.C. 89, 92, 508 S.E.2d 848, 849 (1998).

In order to prove R & L Transfer's negligence, it was essential for Hamilton to establish the following: (1) a duty of care owed by R & L Transfer to Hamilton, (2) breach of that duty, and (3) damages to Hamilton proximately resulting from the breach. *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002). A party's negligence is the proximate cause only when, without the negligence, the injury could have been avoided or would not have happened. *Alston v. Blue Ridge Transfer Co.*, 308 S.C. 292, 296, 417 S.E.2d 631, 633 (Ct.App.1992). "It is generally for the jury to determine whether the defendant's negligence was a concurring proximate cause of the plaintiff's injuries. Only when the evidence is susceptible of only one inference does proximate cause become a matter of law for the court." *Bishop v. South Carolina Dep't of Mental Health*, 331 S.C. 79, 89, 502 S.E.2d 78, 83 (1998) (internal citation omitted).

Although the evidence here indicates Bishop's vehicle hit Hamilton's, the evidence does not establish he breached his duty of due care to Hamilton. Because Hamilton was conversing with the other stranded motorist in the median at the time Bishop crossed the bridge, Hamilton was unable to offer any testimony regarding Bishop's speed or other characteristics of his driving at the time of the accident. Similarly, although Wright testified she observed Bishop traveling at a higher rate of speed than the other vehicles on the road, she further explained she only witnessed his driving before he reached the overpass. She did not see the R & L Transfer truck immediately before the accident or as it occurred. This evidence does not establish Bishop was driving negligently at the time of the accident.

Additionally, the evidence does not produce only the inference Bishop's negligence, if any, was the proximate cause of Hamilton's damages. Bishop testified he only had a second to react to the blocked roadway. A neutral witness testified similarly. A jury could conclude either the icy conditions or the sudden emergency of disabled and out-of-control vehicles Bishop faced as he traversed the bridge caused the accident rather than negligent driving by Bishop. *See Clark v. Cantrell*, 339 S.C. 369, 391–92, 529 S.E.2d 528, 540 (2000) (discussing the sudden emergency doctrine); *Elrod v. All*, 243 S.C. 425, 438, 134 S.E.2d 410, 417 (1964) (noting the question of

sudden emergency is ordinarily for the jury). Because the evidence here is susceptible to more than one inference, the grant of Hamilton's directed verdict motion was error. However, because we find R & L Transfer's liability was a jury issue, we affirm the denial of its directed verdict motion. As a result of our reversal of Hamilton's directed verdict, we further reverse the award of court costs to Hamilton.

Having determined this case should be remanded for a new trial, we do not address the remaining issues on appeal. *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (ruling appellate court need not review remaining issues when disposition of prior issues are dispositive).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

WILLIAMS, J., and CURETON, A.J., concur.