THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Theresa Ann Baldwin, as Personal Representative of the Estate of John Gerald Baldwin, Respondent,
 
 
 

v.

 
 
 
 Robert Peoples, Appellant.
 
 
 

Appeal From Fairfield County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2006-UP-038
Heard December 6, 2005  Filed January 18, 2006

REVERSED AND REMANDED

 
 
 
 Charles E. Carpenter, Jr. and Karl S. Brehmer, both  of Columbia, for Appellant.
 Bryan D. Ramey, of Piedmont and John S. Nichols, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Theresa Ann Baldwin, as Personal Representative of the Estate of John Gerald Baldwin (the Estate), filed a wrongful death action against Robert Peoples.  The trial court granted a directed verdict to the Estate as to liability, holding Peoples violation of certain statutes was the direct and proximate cause of Baldwins death.  The jury returned a verdict for the Estate in the amount of $300,000, and the trial court subsequently granted the Estates motion for new trial nisi additur of $357,469.31 for a total award of $657,469.31.  Peoples appeals various rulings of the trial judge, including the granting of the directed verdict for the plaintiff on the issue of liability.  We reverse and remand for a new trial.
FACTUAL/PROCEDURAL BACKGROUND
Around 3:00 on the afternoon of February 1, 1996, John Gerald Baldwin was driving a tractor-trailer westerly on a stretch of Interstate 20 when he collided with the back of a forty-foot semi-trailer truck loaded with logs and being pulled by Robert Peoples.  Shortly before the accident, Peoples had merged onto the interstate from Highway 521 ahead of Baldwin, driving thirty miles an hour on the entrance ramp.  He had increased his speed up to forty miles per hour at the time of the impact.  Following the collision between the two trucks, Baldwin was found dead in the cab of his truck with logs piercing his neck and stomach.  
On January 29, 1997, Baldwins wife, as personal representative of his estate, filed a wrongful death action against Peoples.  Peoples answered, denying his negligence and alleging that Baldwins own negligence caused or contributed to his death.  When the case initially went to trial, the jury returned a verdict in favor of Peoples, finding Baldwin to be 100% negligent.  The Estate appealed the verdict, and this court reversed and remanded the case for a new trial.  Baldwin v. Peoples, Op. No. 2000-UP-766 (S.C. Ct. App. filed Dec. 18, 2000).  On certiorari, the South Carolina Supreme Court affirmed in result based on an additional ground appearing in the record, finding the trial court allowed improper argument from the defense that Peoples had not been charged by law enforcement with violating any traffic laws, thus indicating he was in no way at fault and thereby inviting the jury to relinquish its role as the ultimate fact finder.  Baldwin v. Peoples, Op. No. 2002-MO-062 (S.C. Sup. Ct. filed Aug. 28, 2002).  
At the second trial, the Estate contended the collision occurred when Peoples, mistakenly thinking Baldwin was driving in the right lane, swerved into the emergency lane, causing the logs on the rear of his truck to cross the center line and into the left lane of traffic.  As a result, the Estate asserted, Baldwins truck was caught on the logs, and Peoples truck dragged Baldwins truck into the emergency lane.  To support its theory of the case, the Estate called Donald Phillips as an expert in accident reconstruction.  Phillips testified the logs on Peoples truck overhung the trailer by almost twenty feet; eye witness testimony indicated Baldwin did not brake before impact; based on the speed of each vehicle, the collision was the equivalent of an eighteen to twenty-five mile per hour collision; and if Peoples had properly trimmed the logs to the correct length, Baldwin would not have been impaled by the logs and would not have died as a result of the collision.  
Peoples testified his truck was going forty miles per hour at the point of the collision, and the minimum speed limit on that stretch of Interstate 20 was forty-five miles per hour.  He was not concerned that he would be hit because when he looked back, no vehicles were coming behind him.  Peoples stated he was in the right lane the entire time he was on the interstate.  Peoples saw Baldwin in his mirror prior to impact, and testified Baldwin was in the right lane as well, about twenty-five feet away.  Peoples claimed Baldwin maintained the same speed as he approached him, never slowing down.  When he realized Baldwin was about to hit him, Peoples tried to increase his speed but was unable to do so.  Peoples denied that his truck ever strayed over into the left lane.  
David Thomas, the only other witness to the collision, testified he was following Baldwins truck in the left lane when he saw a puff of smoke and then some brake lights.  At that point, logs began coming over the top of the cab and the trailer.  He stated Baldwins truck was still in the left lane at the time of the collision, and Thomas could not see Peoples truck until after the collision.  Trooper J.W. Dorton investigated the accident, and testified he documented skid marks and radiator fluid from Baldwins truck that were all in the right lane.  He found no yawl marks to indicate Baldwins tires were going sideways.  
Peoples contended that Baldwin was in the right lane behind him and inexplicably ran into the back of the log truck.  To support his theory, Peoples presented the expert testimony of accident reconstructionist Joseph Jur.  Jur testified there was no indication either Peoples or Baldwin moved from the left lane to the right; there was no evidence Peoples load swung out and crossed the line; and there was no steer maneuver that could have been made to the right by Peoples that could have made the logs shift into the left lane.  He stated Peoples would have been in Baldwins sight distance for twenty-five seconds, Baldwin should have been able to react in one and a half seconds, and it would have taken Baldwin only 4.9 seconds to come to a complete stop, giving Baldwin plenty of time to stop.  Jur opined that the collision occurred in the right lane and that Baldwin, for some unknown reason, ran into Peoples truck.  He further testified the accident could not have occurred as the Estate contended.  
Before closing arguments, the Estate moved for a directed verdict on liability.  The Estate argued, and the trial judge agreed, that Peoples violated two statutory length provisions and a statutory minimum speed provision, and that Peoples was negligent as a matter of law in entering an interstate at thirty miles per hour, knowing the speed limit was sixty-five and it would take him some time to get up to forty-five miles an hour.  The Estate asserted that these violations proximately caused the death of Baldwin, and it was irrelevant how the wreck occurred.  The trial judge granted the Estates motion for directed verdict, held this will take out the comparative negligence, and ruled Peoples was not allowed to argue proximate cause to the jury.  The judge then instructed the jury he had directed a verdict for the Estate and ruled as a matter of law that Peoples was responsible for the injuries to and the death of Mr. Baldwin.  The jury returned a verdict of $300,000 for the Estate.  Peoples made a motion for a new trial, and the Estate filed a motion for a new trial nisi additur.  Thereafter, the trial court granted the new trial nisi additur on damages alone in the amount of $357,469.31 and denied Peoples motion for a new trial.  This appeal followed.
STANDARD OF REVIEW
When reviewing a ruling on a motion for directed verdict, we must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  Hurd v. Williamsburg County, 363 S.C. 421, 426, 611 S.E.2d 488, 491 (2005).  If the evidence as a whole is susceptible of more than one reasonable inference, the trial judge must submit the case to the jury.  Id.  This Court will reverse the trial judges ruling on a directed verdict motion only where there is no evidence to support the ruling or where the ruling is controlled by an error of law.  Clark v. South Carolina Dept Pub. Safety, 362 S.C. 377, 382-83, 608 S.E.2d 573, 576 (2005).  In reviewing a directed verdict, this Court must determine whether a verdict for the party opposing the motion would have been reasonably possible under the facts.  Hanahan v. Simpson, 326 S.C. 140, 149, 485 S.E.2d 903, 908 (1997).  The issue must be submitted to a jury whenever there is material evidence tending to establish the issue in the mind of a reasonable juror.  Id.  
LAW/ANALYSIS
Peoples argues the trial court erred in granting a directed verdict to the Estate with respect to liability because there was ample evidence of Baldwins own negligence, thereby creating a jury issue as to proximate cause.  We agree. 
Peoples presented evidence from which a jury could determine Baldwins negligence caused the collision.  For instance, Jur testified at length that, in his expert opinion, Baldwin caused the collision by remaining in the right hand lane and driving his truck into the back of Peoples log truck.  Jur further testified the Estates theory that Peoples trailer swung out into the left lane was wrong, that the evidence showed the load did not swing, that Peoples truck would have had to hit the guard rail before the trailer could swing out into the left lane, and he was absolutely confident that there is no steer maneuver to the right that  . . . you can make that can get those logs to go in [the left] lane.  According to Jur, the collision clearly occurred in the right-hand lane, no question about it.  In Jurs opinion, Peoples truck had been in Baldwins line of sight for twenty-five seconds before the collision occurred, Baldwin could have brought his truck to a complete stop in 4.9 seconds, and Baldwin had plenty of time to stop or move his vehicle to the other lane to avoid the log truck.  When asked whether he had formed an opinion as to the cause of the accident, Jur replied certainly [for] some unknown reason, which I dont know the answer to, Mr. Baldwin ran into the back of Mr. Peoples truck.  Viewing the evidence and all inferences in the light most favorable to Peoples, a reasonable juror could determine the collision occurred as a result of Baldwins negligence in failing to keep a proper lookout.
The Estate argues the determination of who caused the collision is irrelevant because the only reasonable inference from the evidence presented at trial is that Baldwin would not have died but for Peoples negligence.  In essence, the Estate argues Peoples negligence is the sole proximate cause of Baldwins death.  We disagree.
Proximate cause requires proof of (1) causation in fact and (2) legal cause.  Bramlette v. Charter-Medical-Columbia, 302 S.C. 68, 72, 393 S.E.2d 914, 916 (1990).  Causation in fact is proved by establishing the injury would not have occurred but for ones negligence.  Hurd v. Williamsburg County, 363 S.C. 421, 428, 611 S.E.2d 488, 492 (2005).  Legal cause, on the other hand, is proved by establishing foreseeability.  Id.  An injury is foreseeable if it is the natural and probable consequence of a breach of duty.  Id.  With respect to legal cause our supreme court has held:

 [T]he touchstone of proximate cause in South Carolina is foreseeability.  Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought.  The standard by which foreseeability is determined is that of looking to the natural and probable consequences of the complained of act.  While it is not necessary that the actor must have contemplated or could have anticipated the particular event which occurred, liability cannot rest on mere possibilities.  The actor cannot be charged with that which is unpredictable or that which could not be expected to happen.  In determining whether a consequence is one that is natural and probable, the actors conduct must be viewed in the light of the attendant circumstances.  

Young v. Tide Craft, Inc., 270 S.C. 453, 462-63, 242 S.E.2d 671, 675- 76 (1978) (internal citations and punctuation omitted).  Proximate cause does not mean the sole cause.  Sims v. Hall, 357 S.C. 288, 299, 592 S.E.2d 315, 320 (Ct. App. 2003).  Ones conduct can be a proximate cause if it was at least a direct, concurring cause of the injury.  Id.  
Ordinarily, the question of proximate cause is one of fact for the jury and the trial judges sole function in the matter is to determine whether particular conclusions are the only reasonable inferences that can be drawn from the evidence.  Hurd, 363 S.C. at 427-28, 611 S.E.2d at 492.  A partys negligence is the proximate cause only when, without the negligence, the injury could have been avoided or would not have happened.  Hamilton v. R & L Transfer, Inc., 361 S.C. 286, 290, 604 S.E.2d 397, 398 (Ct. App. 2004).  It is generally for the jury to determine whether the defendants negligence was a concurring proximate cause of the plaintiffs injuries, and only when the evidence is susceptible of just one inference does proximate cause become a matter of law for the court.  Id.  Only in rare or exceptional cases may the issue of proximate cause be decided as a matter of law.  Bailey v. Segars, 346 S.C. 359, 367, 550 S.E.2d 910, 914 (Ct. App. 2001).  If there is a fair difference of opinion regarding whose act proximately caused the injury, then the question of proximate cause must be submitted to the jury.  Id.  Under South Carolinas doctrine of comparative negligence, a plaintiff may only recover damages if his own negligence is not greater than that of the defendant.  Id.  Ordinarily, comparing the plaintiffs negligence with the defendants is a question of fact for the jury to decide.  Id.
Under the doctrine of comparative negligence, a plaintiff in a negligence action may recover damages if his negligence is not greater than that of the defendant.  Weaver v. Lentz, 348 S.C. 672, 684, 561 S.E.2d 360, 367 (Ct. App. 2002).  In such a case, the amount of the plaintiffs recovery is reduced in proportion to the amount of his negligence.  Id.  Generally, under a less than or equal to comparative negligence rule, determination of respective degrees of negligence attributable to the plaintiff and the defendant presents a question of fact for the jury, at least where conflicting inferences may be drawn.  Trivelas v. South Carolina Dept of Transp., 357 S.C. 545, 549-50, 593 S.E.2d 504, 506 (Ct. App. 2004).
There is evidence in the record before us that Baldwin failed to keep a proper look out, negligently running into the back of Peoples truck, that his injury would not have occurred but for this negligence, and that his injury was foreseeable in that it was a natural and probable consequence of his negligence.  Considering all the facts and circumstances of this case, a reasonable jury could conclude Baldwins conduct was at least a direct, concurring cause of his injury and therefore was a contributing proximate cause of his death.  At a minimum, the evidence created a jury issue as to comparative negligence of the two parties.  Because the evidence is susceptible of more than one reasonable inference, the grant of the Estates motion for directed verdict on liability was error.     
CONCLUSION
Because we hold the trial court erred in directing a verdict in favor of the Estate on the issue of liability, we find it unnecessary to address the remaining issues on appeal.  For the foregoing reasons, the decision of the trial court is
REVERSED AND REMANDED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.